**George W. SCHOLZ, Plaintiff,**

v.

**RDV SPORTS, INC., individually, and as a general partner of Orlando Magic, Ltd. d/b/a the Orlando Magic, Defendant.**

No. 93–0194–CIV–ORL–18.

United States District Court,
M.D. Florida,
Orlando Division.

May 26, 1993.

Eric H. Faddis, Law Office of Eric H. Faddis, P.A., Orlando, FL, for plaintiff.

Morey Raiskin, John A. Reed, Jr., Lowndes, Drosdick, Doster, Kantor & Reed, P.A., Orlando, FL, for defendant.

### ORDER

G. KENDALL SHARP, District Judge.

Plaintiff filed a second amended complaint in state court which asserted federal claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e–17 (Title VII), and 42 U.S.C. § 1981 and state-law claims for breach of employment agreement, fraudulent misrepresentation, defamation, and the tort of outrage. Defendant removed this action to federal court pursuant to 28 U.S.C. §§ 1441(b) and 1446(b). Plaintiff filed a motion to remand this action to state court. Defendant filed a response in opposition to plaintiff's motion to remand. Based on a review of the case file and relevant law, the court **GRANTS** plaintiff's motion to remand.

### I. Facts

On September 24, 1992, plaintiff filed a complaint in state court which asserted claims for breach of contract and promissory estoppel. Defendant filed a motion to dismiss plaintiff's complaint. After a hearing on the motion, the state court dismissed the breach of contract claim without prejudice and the promissory estoppel claim with prejudice. Plaintiff filed an amended complaint in state court which asserted claims for breach of contract, fraudulent misrepresentation, defamation, and the tort of outrage. The state court, on a motion to dismiss, dismissed plaintiff's amended complaint without prejudice.

Plaintiff filed a second amended complaint in state court which restated the same state-law claims that plaintiff asserted in his first amended complaint and added federal claims pursuant to Title VII and § 1981. Defendant received the second amended complaint on February 22, 1993. On March 5, 1993, defendant filed a motion to dismiss the second amended complaint and a notice of hearing on the motion scheduled for March 26, 1993. On March 13, 1993, defendant filed an amended motion to dismiss the second amended complaint and scheduled a hearing on the amended motion to dismiss for March 26, 1993. On March 19, 1993, defendant filed a notice of removal from the state court to federal court.

### II. Legal Discussion

In his motion to remand, plaintiff maintains that even though defendant filed its petition for removal within the thirty-day period provided by 28 U.S.C. § 1446(b), defendant waived its right to remove when defendant filed its motion to dismiss and amended motion to dismiss in state court and scheduled state-court hearings on the motions. A defendant waives its right to remove by proceeding to defend the action in state court or otherwise invoking the process of the state court. *Brown v. Demco, Inc.,* 792 F.2d 478, 481 (5th Cir.1986) (citing *Schell v. Food Mach. Corp.,* 87 F.2d 385 (5th Cir.), *cert. denied,* 300 U.S. 679, 57 S.Ct. 670, 81 L.Ed. 883 (1937)); *see Miami Herald Publishing Co. v. Ferre,* 606 F.Supp. 122, 124 (S.D.Fla.1984) (holding that a defendant waives its right to remove if the defendant's intent to proceed in state court is clear and unequivocal). However, an action to maintain the status quo in state court, as opposed to an action to dispose of the matter, does not constitute a waiver. *Bolivar Sand Co. v.*

*Allied Equip., Inc.,* 631 F.Supp. 171, 173 (W.D.Tenn.1986); *see Ward v. Resolution Trust Co.,* 972 F.2d 196, 198 (8th Cir.1992) (finding that the defendant's response to motion to dismiss a state-court appeal was not a waiver because the defendant did not request a ruling on the merits), *cert. denied,* — U.S. ——, 113 S.Ct. 1412, 122 L.Ed.2d 783 (1993); *Miami Herald,* 606 F.Supp. at 124 (finding no waiver by filing an answer and affirmative defenses); *Haun v. Retail Credit Co.,* 420 F.Supp. 859, 863 (W.D.Pa.1976) (same). Therefore, the court must determine whether filing motions to dismiss and scheduling hearings on the motions in state court manifest an intent to litigate in state court or to preserve the status quo.

To support his motion for remand, plaintiff cites authority that when a defendant files a motion to dismiss in state court, the defendant takes affirmative action to submit issues for determination in state court, and thus, the defendant waives its right to remove. *Heafitz v. Interfirst Bank,* 711 F.Supp. 92, 95 (S.D.N.Y.1989). In response, defendant argues that although § 1446(b) allows thirty days to file a petition for removal, state law required defendant to file a responsive pleading within twenty days of service of the second amended complaint. Therefore, defendant maintains that it filed the motions to dismiss to preserve its defenses in state court. Defendant also cites authority for the proposition that merely filing a motion to dismiss in state court is not a waiver because the state court has not adjudicated the matter. *Bedell v. H.R.C. Ltd.,* 522 F.Supp. 732, 738 & n. 23 (E.D.Ky.1981).

The court acknowledges the conflict among district courts on the issue whether filing a motion to dismiss waives a defendant's right to remove. The court finds, however, that a motion to dismiss is an affirmative use of the state-court process, and thus, distinguishable from actions to maintain the status quo in state court, such as defending preliminary injunctions and filing answers and affirmative defenses. The court further finds that although state law limited defendant's time to respond to the second amended complaint to less than thirty days, the federal claims in the second amended complaint provided defendant with unequivocal notice that plaintiff's action had become removable. Moreover, defendant's analysis of plaintiff's claims under federal law provides evidence that defendant contemplated federal jurisdiction before filing its motion to dismiss. *See Heafitz,* 711 F.Supp. at 96 (finding that the defendant's grounds for dismissal indicated that the defendant contemplated removal and federal jurisdiction before filing its notice of removal, and thus, showed a waiver). Accordingly, the court finds that defendant's actions in state court show an intent to litigate in state court, and thus, defendant waived its right to remove.

Although defendant concedes that the concept of waiver applies to removal, defendant suggests that requiring defendant to file its notice of removal before it files a motion to dismiss contradicts Congressional intent. Yet, the court finds that neither § 1446(b) nor Federal Rule of Civil Procedure 81(c) supports defendant's claim. Although Congress amended § 1446(b) to provide a uniform and definite time for removal, *see Haun,* 420 F.Supp. at 864 & n. 9, courts have continued to apply the concept of waiver to the removal statutes without Congressional intervention. *See Rothner v. City of Chicago,* 879 F.2d 1402, 1420 (7th Cir.1989) (Easterbrook, J., dissenting); *see also Moore v. Permanente Medical Group, Inc.,* 981 F.2d 443, 447–48 (9th Cir.1992) (recognizing that district courts continue to apply the concept of waiver to removal); *In re Weaver,* 610 F.2d 335, 337 (5th Cir.1980) (same). Similarly, although Rule 81(c) contemplates the filing of an answer and other pleadings in state court before a defendant files a petition for removal, the court finds no evidence that Congress intended Rule 81(c) to preserve a defendant's right to remove when the pleadings manifest an intent to proceed in state court. Therefore, because the court finds that in this action, defendant's filing of motions to dismiss and scheduling state-court hearings on the motions manifest an intent to proceed in state court, the court concludes that defendant waived its right to remove.

### III. Conclusion

Because the court finds that defendant's conduct in state court manifests an intent to

**1472**

litigate in state court, the court concludes that defendant waived its right to remove this action to federal court. Accordingly, the court GRANTS plaintiff's motion to remand. (Doc. 11)

It is **SO ORDERED.**