United States Court of Appeals,

Eleventh Circuit.

No. 95-5008.

In re FIRST NATIONAL BANK OF BOSTON, a national banking association, Petitioner.

Nov. 30, 1995.

On Petition for Writ of Mandamus to the United States District Court for the Southern District of Florida. (No. 95-8366-CIV-LCN), Lenore C. Nesbitt, Judge.

Before KRAVITCH, BIRCH and BLACK, Circuit Judges.

BIRCH, Circuit Judge:

This petition for writ of mandamus requires us to decide whether a district court can remand a case *sua sponte* within the thirty-day period following a removal notice provided in 28 U.S.C. § 1447(c) for motions to remand. The district court remanded the removed case back to state court during this time period. Because we conclude that the 1988 amendments to section 1447(c) precluded the district court from *sua sponte* remand, we grant the petition for writ of mandamus.

I. BACKGROUND

The origin of the present petition is the related federal case filed in 1989 by Society for Savings in the Southern District of Florida concerning a consumer loan, secured by a motor yacht, extended to Jerome H. Rogers. *Society for Savings v. M/Y "CONJA",* No. 89-6167-CIV-PAINE (S.D.Fla.1989). That case was settled by surrender of the vessel to Society for Savings and the agreed payment of $13,000, representing the difference in the value of the vessel and the outstanding debt. Thereafter, various credit reporting agencies showed this loan as a bad debt.

In 1995, Rogers sued petitioner First National Bank of Boston ("Bank of Boston"), which he alleges is the successor to Society for Savings with offices in Palm Beach County, Florida, in the Fifteenth Judicial Circuit for Palm Beach County, and claimed damages exceeding $15,000 for Bank of Boston's failure to correct credit information relating to Rogers. *Rogers v. Bank of Boston,* No. CL 95 347AB (Fla.Cir.Ct. filed Jan. 17, 1995). Subsequently, Rogers filed a settlement demand requesting compensatory and punitive damages of $650,000. Bank of Boston filed an amended answer and affirmative defenses that denied the material allegations of the complaint, including the allegation that Bank of Boston maintained an office in Palm Beach County. On June 13, 1995, Bank of Boston removed the case to federal court for the Southern District of Florida pursuant to 28 U.S.C. §§ 1441 and 1446 and asserted complete diversity. *Rogers v. Bank of Boston,* No. 95-8366-CIV-NESBITT (S.D.Fla. filed June 13, 1995) ("*Rogers* "). Bank of Boston represented that it is a national banking association with its principal place of business in Massachusetts, making it a Massachusetts citizen, that Rogers is a Florida citizen, and that the amount in controversy exceeded $50,000 in compliance with 28 U.S.C. § 1332(a).

On June 19, 1995, the district court *sua sponte* remanded the case to the Eleventh Judicial Circuit for Dade County. The district court determined that Bank of Boston's failure to allege the state in which it is incorporated constituted an inadequate showing of its citizenship for diversity jurisdiction:

A review of the Notice of Removal reveals that Defendant has failed to adequately demonstrate that the controversy is

between citizens of different states. Defendant merely alleges that it is "a national banking association with its principal place of business in Boston, Massachusetts, and is therefore a Massachusetts citizen." (Not. of Removal at 1.) Defendant, however, fails to allege the state by which it has been incorporated. Therefore, because Defendant has failed to adequately allege its own citizenship, as is required in order to demonstrate the Court's original jurisdiction, it appears that the Court lacks subject matter jurisdiction over this case.

This order was filed in the clerk's office on June 22, 1995, and the case was closed.

On June 28, 1995, Bank of Boston moved for reconsideration and vacation of the district court's remand order and for leave to amend its notice of removal. Bank of Boston explained that, as a national banking association, it is not incorporated under any state's law and that its citizenship is determined by its principal place of business. Bank of Boston also filed an amended notice of removal stating this explanation of its citizenship and clarified that it maintains no branch offices in Florida, although its independent subsidiary mortgage corporation maintains at least one branch office in Florida. Bank of Boston subsequently filed an affidavit by its legal supervisor for its consumer finance department in support of the accuracy of these representations.

On July 21, 1995, the district court entered an order striking Bank of Boston's motion for reconsideration and leave to file an amended notice of removal because it no longer had jurisdiction over the case. Bank of Boston then petitioned this court for a writ of mandamus directing the district court to recall its remand and to reinstate the case on its docket. Pursuant to Federal Rule of Appellate Procedure 21(b), we directed the district judge to respond to Bank of Boston's argument that the district court's

remand was unauthorized under 28 U.S.C. § 1447(c). By letter to the Clerk of Court, the district judge stated that she did not desire to appear in this proceeding other than through her orders remanding the case to state court and striking Bank of Boston's motion for reconsideration and leave to file an amended notice of removal. From her letter, it appears that the district judge considers the response by respondent Rogers to be the response that we required of her in accordance with Federal Rule of Appellate Procedure 21(b). Rogers's response argues that the district court's determination of subject matter jurisdiction is not reviewable pursuant to 28 U.S.C. §§ 1447(c) and (d).

## II. DISCUSSION

Initially, we must determine if we have jurisdiction to review the district court's remand order in this petition. Under 28 U.S.C. § 1447(d), "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise."[1] While we note that the district court remanded *Rogers* to the Eleventh Judicial Circuit for Dade County instead of the Fifteenth Judicial Circuit for Palm Beach County, from which it came, we do not limit our reviewability to this basis. The Supreme Court has proscribed a broad, literal interpretation of section 1447(d). *Thermtron Prods., Inc. v. Hermansdorfer,* 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976); *accord Carnegie-Mellon University v. Cohill,* 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988). Reading sections 1447(c) and (d) in conjunction, the Court

---

[1]Although § 1447(d) permits an exception to nonreviewability for certain civil rights actions under 28 U.S.C. § 1443, this exception is inapplicable here.

explained that "only remand orders issued under § 1447(c) and invoking the grounds specified therein ... are immune from review under § 1447(d)." *Thermtron,* 423 U.S. at 346, 96 S.Ct. at 590. Thus, mandamus is appropriate "where the district court has refused to adjudicate a case; and has remanded it on grounds not authorized by the removal statutes." *Id.* at 353, 96 S.Ct. at 594; *see Page v. City of Southfield,* 45 F.3d 128, 132 (6th Cir.1995) (the interpretation of section 1447(d) in *Thermtron* "does not prohibit us from determining whether the district court exceeded its statutory authority by issuing the remand"). As we will clarify, we can review the remand order presented by this petition because the district court remanded *Rogers sua sponte* on procedural grounds unauthorized by section 1447(c). We are aided greatly in our analysis by a Fifth Circuit case that is directly on point, *In re Allstate Ins. Co.,* 8 F.3d 219 (5th Cir.1993). *See Page,* 45 F.3d 128 (reversing district court's *sua sponte* remand for a procedural defect within thirty days after filing the notice of removal as unauthorized under section 1447(c)); *In re Continental Casualty Co.,* 29 F.3d 292 (7th Cir.1994) (issuing writ of mandamus ordering district court to reinstate case that it *sua sponte* remanded for a procedural defect within thirty days after filing of the notice of removal because the remand was unauthorized under section 1447(c)).

As amended in 1988,[2] section 1447(c) provides in pertinent

---

[2]Prior to its amendment by the Judicial Improvements and Access to Justice Act of 1988, Pub.L. No. 100-702, 102 Stat. 4642, 4670, § 1016(c), § 1447(c) allowed a district court to remand a case to state court "[i]f at any time before final judgment it appear[ed] that the case was removed improvidently and without jurisdiction." 28 U.S.C. § 1447(c) (1973) (repealed 1988).

part:

> A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c). The district court based its *sua sponte* remand order on the lack of subject matter jurisdiction under section 1447(c), specifically, absence of diversity. Bank of Boston contends that it clearly explained the complete diversity between it and Rogers in its notice of removal.

Although Bank of Boston stated in its removal notice that it is a national banking association with its principal place of business in Boston, Massachusetts, making it a Massachusetts citizen, the district court concluded that this representation was insufficient for diversity jurisdiction because the place of incorporation was not stated. Diversity citizenship for a corporation is "either the corporation's state of incorporation *or* principal place of business." *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir.1994) (citing 28 U.S.C. § 1332) (emphasis added); *see United Steelworkers v. R.H. Bouligny, Inc.,* 382 U.S. 145, 152, 86 S.Ct. 272, 276, 15 L.Ed.2d 217 (1965) ("[I]n 1958 Congress thought it necessary to enact legislation providing that corporations are citizens both of the State of incorporation and of the State in which their principal place of business is located."); *Jerguson v. Blue Dot Inv., Inc.,* 659 F.2d 31, 33 (5th Cir. Unit B 1981) ("[C]orporations can be citizens in two places: the State of incorporation and the State of its principal place of business."), *cert. denied,* 456 U.S. 946, 102 S.Ct. 2013, 72 L.Ed.2d 469 (1982).

Thus, a company whose principal place of business is in Massachusetts is a Massachusetts citizen under 28 U.S.C. § 1332(c). *Pay Tel Sys., Inc. v. Seiscor Technologies, Inc.,* 850 F.Supp. 276, 278 (S.D.N.Y.1994). As to its status as a national banking association, Bank of Boston cited in its removal notice *Landmark Tower Assocs. v. First Nat'l Bank of Chicago,* 439 F.Supp. 195, 196 (S.D.Fla.1977), which states that "a national banking association [is] organized under the laws of the United States.... Under 28 U.S.C. § 1348, national banks not chartered by any state are deemed citizens of the states in which they are located. *See Fulton National Bank of Atlanta v. Hozier,* 267 U.S. 276, 45 S.Ct. 261, 69 L.Ed. 609 (1925)." *Id.* With this authority, it was inconsistent and unwarranted for the district court *sua sponte* to have remanded *Rogers* to state court because of the lack of Bank of Boston's incorporation state, which is irrelevant because there is no incorporation state for this national banking association.[3]

Reasoning that "a "procedural defect' within the meaning of § 1447(c) refers to "any defect that does not go to the question of

---

[3]Although the district court based its remand order solely on Bank of Boston's failure to give its state of incorporation, we additionally note that there is no actual *evidence* in the record that Bank of Boston was "located" in Florida through a branch office. *See Rush v. Savchuk,* 444 U.S. 320, 328, 100 S.Ct. 571, 577, 62 L.Ed.2d 516 (1980) (holding that "a corporation is "present,' for jurisdictional purposes, wherever it does business"). While Rogers's complaint in state court alleges that Bank of Boston had offices in Palm Beach County, and that it is the successor to Society for Savings, Bank of Boston denied these allegations in its answer. To date, Rogers has not provided any substantiation for these bare allegations, such as an address for an alleged office of Bank of Boston in Palm Beach County or anywhere in Florida. In its proffered amended notice of removal, struck by the district court, Bank of Boston explains that its independent subsidiary mortgage corporation maintains at least one branch office in Florida, but that Bank of Boston does not.

whether the case originally could have been brought in federal district court,' " the Fifth Circuit determined that failure to allege the plaintiff's citizenship at the time of filing the removal notice was a "procedural, rather than [a] jurisdictional, defect." *In re Allstate,* 8 F.3d at 221 (quoting *Baris v. Sulpicio Lines, Inc.,* 932 F.2d 1540, 1544 (5th Cir.), *cert. denied,* 502 U.S. 963, 112 S.Ct. 430, 116 L.Ed.2d 449 (1991)). That court decided that, although there had not been a demonstration of complete diversity, there was no record evidence to show that diversity did not exist factually. *Id.* Furthermore, "any qualms" that the district court had concerning diversity jurisdiction should have been resolved "by allowing Allstate to amend the removal petition to cure the defect under 28 U.S.C. § 1653" instead of *sua sponte* remanding the case to state court. *Id.* at 222 n. 4.

This petition is even stronger. The only possible omission by Bank of Boston in its removal petition was not fully explaining that, as a national banking association, it is not incorporated in any state rather than merely citing supporting caselaw. Bank of Boston should not be deprived of its federal forum simply because the district court neglected to research the status of national banking associations to determine that principal place of business governs corporate diversity citizenship.[4]

---

[4]The dissent's position is disconcerting indeed. Although conceding that the district court "erroneously" remanded *Rogers* to state court, the dissent apparently would allow this obvious error to stand and force Bank of Boston to litigate in state court, when it is entitled to be in federal court. The dissent bases its position on the *In re Allstate* dissent, which finds that our analysis is contrary to congressional will in § 1447(c) and *Thermtron,* decided before Congress amended § 1447(c), the version of the statute at issue in this petition. *See infra* pp.

We further agree with the Fifth Circuit's interpretation of section 1447(c). The phrasing of the statute that " "[a] motion to remand the case ... must be made,' implies that only a party to the

---

---- - ---- & n. 2. As we explain in this opinion, Congress specifically changed the language in § 1447(c) to permit the district court to remand pursuant to a motion by a party alleging a defect in the removal procedure, and not the court on its own motion, within the first thirty days following a removal notice. *See infra* pp. ---- - ----. Under the majority's analysis and that of the Fifth Circuit in *In re Allstate,* the Sixth Circuit in *Page,* and the Seventh Circuit in *In re Continental Casualty Co.,* the district court was not authorized under § 1447(c) to remand *sua sponte* for a defect in the removal procedure during this thirty-day period.

There clearly was complete diversity in *Rogers.* Bank of Boston stated that it was a national banking association with its principal place of business in Boston, Massachusetts, making it a Massachusetts citizen, and it gave supporting authority. The *district court* erred in failing to perform basic legal research, which would have confirmed that Bank of Boston's corporate citizenship is Massachusetts as enunciated by the Supreme Court and our circuit. *See infra* pp. ---- - ----. This lapse in responsibility by the district court has caused an unnecessary expenditure of judicial time and effort, when Bank of Boston factually and legally exhibited diverse citizenship. This is not consistent with congressional intent. *See infra* note 5.

The dissent chooses to condone the district court's error and would uphold its remand simply because the district court decided that it "appear[ed]" to lack subject matter jurisdiction, the "magic words" to trigger §§ 1447(c) and (d). For us to allow this clearly incorrect remand to stand would be shirking our review responsibility and would result in an injustice for Bank of Boston in the selection of its federal forum. The district court's wrongful remand should not be shielded and effectuated by our refusal to perform our review responsibility to the disadvantage of Bank of Boston, a litigant expecting the federal courts to review its case fairly. The dissent's view would establish a review standard that would preserve and perpetuate similar abuses of discretion by district courts and preclude our review. The majority cannot endorse that this would ever be the intent of Congress or the Supreme Court. Therefore, we join the analyses adopted by the Fifth, Sixth, and Seventh Circuits in interpreting § 1447(c) in our review of this petition.

case may initiate it" within the thirty-day period after the filing of a removal notice under the plain language of section 1447(c). *Id.* at 223 (quoting 28 U.S.C. § 1447(c)); *accord Page,* 45 F.3d at 133 ("Not only did Congress incorporate the word "motion' in the 1988 amendments where it had previously been absent, but it did so only in the first sentence, i.e., for procedural defects."); *In re Continental Casualty Co.,* 29 F.3d at 294 ("[I]f a motion for remand is essential to action under the first sentence of § 1447(c), then the lack of a motion deprives a district judge of *power* to return a case to state court."). Thus, the first sentence of section 1447(c) "consigns procedural formalities to the care of the parties," while the second sentence "assigns to the court concern for its jurisdictional prerequisites." *In re Allstate,* 8 F.3d at 223. Considering this to be a "wise and warranted distribution," supported by legislative history, the Fifth Circuit concluded that, "where subject matter jurisdiction exists and any procedural shortcomings may be cured by resort to § 1653, we can surmise no valid reason for the court to decline the exercise of jurisdiction."[5] *Id.*

---

[5]The Fifth Circuit determined that congressional intent sanctioned this result from the legislative history for the 1988 amendments, which states that

> [s]o long as the defect in removal procedure does not involve a lack of federal subject matter jurisdiction, there is no reason why either State or Federal courts, or the parties, should be subject to the burdens of shuffling a case between two courts that each have subject matter jurisdiction.

*In re Allstate,* 8 F.3d at 223 (quoting H.R.Rep. No. 889, 100th Cong., 2d Sess. 72 (1988), *reprinted in* 1988 U.S.C.C.A.N. 5982, 6033); *see FDIC v. Loyd,* 955 F.2d 316, 323 (5th Cir.1992) ("Because there was subject matter

On the bases of statutory interpretation and the policy consideration of judicial efficiency, we agree with the Fifth Circuit that district courts are without discretion to remand *sua sponte* for procedural defects within the thirty-day period after filing a removal notice.[6]  *Id.* at 223-24;  *see In re Continental Casualty Co.,* 29 F.3d at 295 ("The 30-day limit serves a function similar to § 1447(d)—it prevents shuttling of cases between state and federal court, and it prevents extended litigation that does no more than determine where litigation shall proceed.").  District judges' careful review of removed cases to identify defects in

jurisdiction, the district court had no valid interest in remanding the case under § 1447(c).").

[6]Rogers argues in responding to this court's request of the district judge to respond to the petition for mandamus that *Bregman v. Alderman,* 955 F.2d 660 (11th Cir.1992) (per curiam) precludes our review of the remand order in this petition.  We distinguish *Bregman* factually and analytically.  The *sua sponte* remand order in *Bregman* occurred more than two and one-half years following removal or "911 days after the expiration of the thirty-day time period contemplated by § 1447(c)."  *Id.* at 663.  Clearly, *Bregman* did not concern the specific issue in this petition of whether a district court can *sua sponte* remand a case to state court under § 1447(c) *within* thirty days after removal.  Additionally, the district court in *Bregman* remanded that case pursuant to § 1447(c) because of the *failure* to allege the citizenship of the plaintiffs and the defendants, whereas the diverse citizenship of Rogers and Bank of Boston was alleged in the notice of removal in *Rogers.*

Analytically, *Bregman* relied on *Gravitt v. Southwestern Bell Tel. Co.,* 430 U.S. 723, 97 S.Ct. 1439, 52 L.Ed.2d 1 (1977) (per curiam), which was decided pursuant to the former version of § 1447(c) and not the present form of the statute at issue here after congressional amendment in 1988. Furthermore, *Gravitt* cannot be directly applicable because there is no indication that it addressed precisely the issue before us:  *sua sponte* remand under the current version of § 1447(c) *within thirty days of filing the removal notice. Gravitt* arose from the Fifth Circuit, which clearly did not consider it an obstacle in deciding *In re Allstate.*  We agree with the post-amendment rationale of the Fifth Circuit in *In re Allstate.*

removal is important to litigants and the efficient functioning of our legal system.

> But because not all potential problems are fatal, the court should alert the parties before ... remanding the cases. Litigants may have sufficient answers to the court's concerns.... Quick notice is a boon; quick action without inviting the parties' submissions may illustrate the adage that haste makes waste. The remand in this case has stopped this litigation dead in its tracks. It should now get back under way, and in federal court.

*In re Continental Casualty Co.,* 29 F.3d at 295; *see Page,* 45 F.3d at 132 ("If a *sua sponte* remand is unauthorized by § 1447(c), ... we may vacate the remand order and direct the district court to reinstate the case to its docket.").

## III. CONCLUSION

Following the district court's *sua sponte* remand of *Rogers* to state court within thirty days after it filed a notice of removal, Bank of Boston petitioned this court to mandamus the district court to reinstate *Rogers* on the district court docket. As explained herein, we conclude that the district court was not authorized to remand *Rogers sua sponte* for a procedural defect within thirty days of the notice of removal. Accordingly, we grant Bank of Boston's petition and direct the issuance of a writ of mandamus instructing the district court to recall the remand and to reinstate *Rogers* on its docket.

BLACK, Circuit Judge, dissenting:

I respectfully dissent. This is a classic example of the old adage that "bad facts make bad law." The case is difficult because the district court erroneously remanded it to state court, but I believe the majority stands to do even greater harm in attempting to rectify this mistake.

As stated in the dissent of the opinion relied upon by the majority, *In re Allstate Ins. Co.,* 8 F.3d 219 (5th Cir.1993):

> The majority opinion expands our power to review remand orders, contrary to the will of Congress in section 1447(c) and of the Supreme Court in *Thermtron Products.*

*Id.* at 224 (Higginbotham, J., dissenting).

In my view, the issue in this case is jurisdictional.[1] The jurisdictional nature of a remand order cannot hinge on the depth of the district court's inquiry into jurisdiction. Even when a remand order is erroneous, § 1447(d) prohibits appellate review if the district court issued the order under § 1447(c). *Thermtron Prods., Inc. v. Hermansdorfer,* 423 U.S. 336, 342-44, 96 S.Ct. 584, 589, 46 L.Ed.2d 542 (1976). By classifying the issue in this case as procedural rather than jurisdictional, the majority circumvents this rule by allowing appellate review of a district court's remand order issued under § 1447(c) to determine if jurisdiction "factually" exists. Such a practice permits an end run around *Thermtron Products* and undermines judicial discretion.

---

[1] The amendment to § 1447(c) impacted only remand orders for procedural defects. My position is therefore unaffected by the amendment. I am in accord with the jurisdictional analysis in the *Allstate* dissent, also written subsequent to the amendment.