**KAM HON, INC. d/b/a China Garden Restaurant, Plaintiff,**

v.

**CIGNA FIRE UNDERWRITERS INSURANCE CO., Defendant.**

**No. 96–372–CIV–ORL–22.**

United States District Court, M.D. Florida, Orlando Division.

July 27, 1996.

---

Thomas Ray Peppler, Rubino, Peppler & Associates, P.A., Maitland, FL, for Plaintiff.

Janet L. Brown, Boehm, Brown, Rigdon, Seacrest & Fischer, P.A., Orlando, FL, for Defendant.

### ORDER

CONWAY, District Judge.

This cause comes before the Court on its own initiative. Defendant, Cigna Fire Underwriters Insurance Co. ("Cigna") filed a Notice of Removal in this Court. For the reasons stated below, the Court now remands the action to the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida.

### A. Background

Plaintiff, Kam Hon, Inc. d/b/a China Garden Restaurant ("China Garden"), commenced a civil action in state court on February 26, 1996 by filing a complaint requesting, *inter alia*, a declaratory judgment on an insurance contract. (Compl. at ¶ 1.) On April 9, 1996, Cigna filed a Notice of Removal[1] based on diversity jurisdiction pursuant to 28 U.S.C. § 1332 and § 1441. Cigna is a citizen of Connecticut, where it is incorporated and has its principal place of business.

China Garden is a citizen of Florida. The amount in controversy exceeds $50,000.

Cigna's Notice of Removal is procedurally proper under 28 U.S.C. § 1446, the statute governing removal procedure. However, before Cigna petitioned this Court to hear its case, it filed a Motion to Dismiss and/or Strike (Doc. 3) in state court on April 1, 1996. Cigna made affirmative use of the state court before removing to federal; thus, Cigna waived its right to remove, leaving this Court without removal jurisdiction. The issue here is whether the Court may *sua sponte* remand a case where the defendant, prior to removing, has already waived its right to do so.

### B. Discussion

■ Where a defendant first files a motion to dismiss in state court, the defendant waives his right to later remove to federal court. *Scholz v. RDV Sports, Inc.*, 821 F.Supp. 1469, 1472 (M.D.Fla.1993). In *Scholz*, the plaintiff filed a complaint and an amended complaint in state court; both were dismissed upon motion. *Id.* at 1470. After the plaintiff filed its second amended complaint adding federal law claims, the defendant again moved the state court to dismiss on March 5, 1993.[2] *Id.* Two weeks after the defendant filed his last motion to dismiss, the defendant filed a notice of removal to federal court. *Id.* Relying on the Fifth Circuit's rulings in *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir.1986) and *Schell v. Food Mach. Corp.*, 87 F.2d 385, 388 (5th Cir.1937),[3] the court held that the defendant waived its right to remove by first proceeding to defend the action in state court. *Scholz*, 821 F.Supp. at 1472. *See also Miami Herald Publishing Co. v. Ferre*, 606 F.Supp. 122, 124 (S.D.Fla.1984) (defendant waives its right to remove where intent to proceed in state court is clear and unequivocal).

---

1. Under 28 U.S.C. § 1446, a defendant must file a notice of removal within thirty days from receipt of the initial pleading. 28 U.S.C. § 1446 (1994). Although Cigna received a summons on February 29, 1996, Cigna did not receive a copy of the complaint until March 14, 1996. Def.'s Not. of Removal at 2. Therefore, Cigna's filed a timely Notice of Removal.

2. The defendant in *Scholz* also filed an amended motion to dismiss the second amended complaint on March 13, 1993. *Id.*

3. The Eleventh Circuit adopted as its precedent the decisions of the former Fifth Circuit handed down before October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

This case is factually similar to *Scholz.* China Garden filed this action in state court on February 26, 1996. Through its statutorily designated agent, the Insurance Commissioner of the State of Florida, Cigna first received the complaint on March 14, 1996.[4] Cigna then filed a Motion to Dismiss and/or Strike (Doc. 3) in state court on April 1, 1996. Finally, Cigna filed its Notice of Removal (Doc. 1) with this Court on April 9, 1996. Clearly, Cigna attempted to litigate this case in the state forum before it decided to try its hand in the federal.

■ There is no question that Cigna waived its right to remove by filing a pre-removal motion to dismiss in state court. The primary difference between *Scholz* and this case involves the nature of the remand action. In *Scholz,* the court remanded upon plaintiff's motion based on a waiver theory. *Scholz,* 821 F.Supp. at 1472. Here, China Garden made no such motion. Thus, the question remains whether the Court may remand on its own initiative.

### 1. *Sua sponte* remands for procedural defects.

The Eleventh Circuit has held that a district court may not *sua sponte* remand a case for a procedural defect in removal. *In re First National Bank of Boston,* 70 F.3d 1184, 1186 (11th Cir.1995). There, the district court deemed the defendant's notice of removal to be procedurally defective and remanded the case. *Id.* The procedure for remanding a case to state court is found at 28 U.S.C. § 1447(c), which states in relevant part:

> A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c) (1994). Judge Birch adopted the Fifth Circuit's reading of § 1447(c), "[t]hus, the first sentence of section 1447(c) 'consigns procedural formalities

to the care of the parties,' while the second sentence 'assigns to the court concern for its jurisdictional prerequisites.' " *In re First Nat'l Bank of Boston,* 70 F.3d at 1189 (quoting *In re Allstate Ins. Co.,* 8 F.3d 219, 223 (5th Cir.1993)). Several Circuit Courts of Appeal share the view that because § 1447(c) requires a "motion to remand," district courts are without discretion to remand *sua sponte* for procedural defects within the thirty-day period following the filing of a notice to remove. *See* 28 U.S.C. § 1447(c); *In re First National Bank of Boston,* 70 F.3d at 1190; *Page v. City of Southfield,* 45 F.3d 128, 134 (6th Cir.1995); *In re Continental Casualty Co.,* 29 F.3d 292, 295 (7th Cir.1994); *In re Allstate Ins. Co.,* 8 F.3d 219, 223 (5th Cir.1993); *see also Air–Shields, Inc. v. Fullam,* 891 F.2d 63, 65 (3rd Cir.1989) (holding that a district court cannot *sua sponte* remand a case based on procedural defects in removal after § 1447(c)'s 30–day period to remand has expired).

Other courts do not accept this view, holding that the term "motion to remand" in § 1447(c) encompasses a district court's *sua sponte* remand. *Maniar v. F.D.I.C.,* 979 F.2d 782, 785 (9th Cir.1992); *Cassara v. Lois,* 832 F.Supp. 752, 754 (S.D.N.Y.1993). Nevertheless, this Court recognizes controlling precedent which prohibits *sua sponte* remands for procedural defects in removal.

### 2. *Sua sponte* remands for jurisdictional defects.

The Court's research uncovers no case addressing whether a district court may *sua sponte* remand a case when a party improvidently removes to federal court after first making affirmative use of the state tribunal. The issue presented here is one of first impression.

A district court clearly has the power to *sua sponte* remand a case for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Although subject matter jurisdiction is not lacking here, the Court lacks removal jurisdiction over this case. A defendant's

---

4. Def.'s Not. of Removal at 2.

right to remove has been characterized as jurisdictional:

> The right to remove a case from a state to a federal court is purely statutory and is entirely dependent on the will of Congress. *Removal is quite an anomalous form of jurisdiction....* Furthermore, as true generally for subject matter jurisdiction, unless made the exclusive forum by statute or under the Constitution, a defendant can waive in advance his right to remove an action against him to federal court.

14A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3721 (1985 & Supp.1996) (emphasis added). Furthermore, "[a] defendant may lose or waive the right to remove by taking some substantial defensive action in the state court before petitioning for removal, such as filing a counterclaim or engaging in discovery." *Id.; see also Paris v. Affleck,* 431 F.Supp. 878, 880 (M.D.Fla.1977) (defendant waived right to remove to federal court by first filing counterclaim in state court); *Briggs v. Miami Window Corp.,* 158 F.Supp. 229, 230 (M.D.Ga.1956) (defendant waived removal by filing non-compulsory cross-action in state court).

Perhaps the former Fifth Circuit's opinion, *In re Weaver,* 610 F.2d 335 (5th Cir.1980),[5] provides the most compelling evidence that waiver of removal is a jurisdictional issue. In that case, the district judge, upon motion, remanded a case where the defendant first sought the dissolution of a temporary injunction in the state court before removing to federal. *Id.* at 336. The Circuit Court refused to issue of a writ of mandamus directing the district judge to reconsider his remand because lack of jurisdiction prompted the remand order. *Id.* at 337. Thus, where a district judge finds that pre-removal state action renders removal improper, it "lead[s] to the logical inference that ... jurisdiction [is] lacking." *Id.*

The instant case involves a jurisdictional defect in removal in which no bar to a *sua sponte* remand exists. In barring *sua sponte* remands for procedural defects in removal, the Eleventh Circuit relied on the legislative history underlying the 1988 amendment to 28 U.S.C. § 1446:

> [S]o long as the defect in removal procedure does not involve a lack of subject matter jurisdiction, there is no reason why either State or Federal courts, or the parties, should be subject to the burdens of shuffling a case between two courts that each have subject matter jurisdiction.

*In re First Nat'l Bank of Boston,* 70 F.3d 1184, 1189 n. 5 (11th Cir.1995) (quoting H.R.Rep. No. 889, 100th Cong., 2d Sess. 72 (1988), *reprinted in* 1988 U.S.C.C.A.N. 5982, 6033). While Congress eschewed the shuffling of cases between two courts for procedural defects in removal, it recognized the important role that proper jurisdiction plays in deciding whether an action should remain in federal court. Although Congress did not specifically address removal jurisdiction, it stands to reason that district courts should treat both removal and subject matter jurisdiction equally in regard to remanding a case for lack thereof. This includes a district court's ability to *sua sponte* remand a case for lack of removal jurisdiction. Finally, judicial economy militates against allowing a party to dilly-dally in state court before deciding the federal forum might prove more advantageous. This is precisely the type of case shuffling that Congress sought to avoid.

Clearly, Cigna waived its right to remove the action to this Court when it first filed a motion to dismiss in state court. From the time Cigna received China Garden's complaint, Cigna had the opportunity to first remove and then bring a motion to dismiss in this Court. By choosing to proceed as it did, Cigna effectively stripped this Court of its removal jurisdiction in this case. Accordingly, the case is remanded to state court for continued litigation.

Based on the foregoing, it is ordered as follows:

1. The Court, on its own initiative, REMANDS this case to the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida (Case No. CI96–1420).

2. The Clerk is directed to transmit a copy of this order to the Clerk of the Circuit

---

5. *See supra* note 3.

**1064**

Court of the Ninth Judicial Circuit in and for Orange County, Florida.

DONE AND ORDERED.