**In re The UNIROYAL GOODRICH TIRE COMPANY, a corporation; The Uniroyal Goodrich Tire Company, a New York Partnership, Petitioners.**

No. 96–6960.

United States Court of Appeals, Eleventh Circuit.

Jan. 13, 1997.

Justin T. McDonald, John H. Morrow, Kenneth M. Perry, Bradley, Arant, Rose &

White, Birmingham, AL, Robert H. Turner, Marion AL, for petitioners.

D. Leon Ashford, Hare, Wynn, Newell & Newton, Birmingham, AL, J. Callen Sparrow, Sparrow & Layetter, Birmingham, AL, for plaintiffs.

Before TJOFLAT, ANDERSON and CARNES, Circuit Judges.

PER CURIAM:

This case is back before us on a second petition for writ of mandamus. The petition is predicated upon *In re: First National Bank of Boston,* 70 F.3d 1184 (11th Cir.1995), *vacated,* 102 F.3d 1577 (11th Cir.1996). Because that decision has been vacated, and in light of the subsequent decision in *Things Remembered, Inc. v. Petrarca,* —— U.S. ——, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995), we hold that we lack jurisdiction to consider the merits of the petition.

## I.

Respondent Mamie Newton's decedent, Dwight Newton, was killed in an automobile accident allegedly caused by the failure of a tire manufactured by Petitioner, Uniroyal Goodrich Tire Co. In February of 1994, Cassius Lanier, a passenger in the automobile sued Uniroyal, Newton, and another party in state court. In April of 1994, Newton filed a cross-claim against Uniroyal in that action. Uniroyal removed the entire action to federal court on diversity of citizenship grounds, but in May of 1994 the district court remanded to state court, apparently because of a lack of diversity. Two years later, in May of 1996, Uniroyal moved to sever Newton's cross-claim. The state court granted that motion and assigned the severed cross-claim a new case number.

On May 28, 1996, Uniroyal removed Newton's severed case to federal court on the basis of diversity of citizenship, *see* 28 U.S.C. § 1332. On June 10, 1996, the district court remanded Newton's case, because it had

been removed to federal court more than a year after Lanier's original complaint had been filed in state court. *See* 28 U.S.C. § 1446(b) ("[A] case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action."). The same day the district judge signed the remand order, Newton filed a motion to remand the case, but the district court concluded that motion was moot because of the previously signed remand order.

## II.

Uniroyal filed its first mandamus petition contending that the district court's *sua sponte* order remanding the case to state court conflicted with the holding in *In re: First National Bank,* 70 F.3d 1184 (11th Cir.1995), that a district court cannot *sua sponte* order a remand for a procedural defect. A panel of this Court denied that first mandamus petition, but it did so without prejudice to renewal if the district court failed to vacate its remand order.

Thereafter, the district court did vacate its remand order, but the court indicated that it would consider Newton's motion for remand, which had previously been declared to be moot, on the merits. After considering it on the merits, the district court granted Newton's motion for remand, because the court concluded that Uniroyal's removal petition had been untimely. The district court also ruled, in the alternative, that the "voluntary/involuntary rule," *see, e.g., Poulos v. Naas Foods, Inc.,* 959 F.2d 69, 71–72 (7th Cir.1992), precluded removability. As an additional ground for its remand order, the district court ruled that Uniroyal had waived its right to remove the case, because it had waited two years to move to sever Newton's claim from the case, the event which Uniroyal contends restored diversity and made the case removable.

## III.

Uniroyal then filed a second mandamus petition, the one presently before us. In this petition, Uniroyal first contends that the district court did not follow the mandate of this

Court's ruling on the prior petition. Uniroyal interprets our July 30, 1996 order, which denied the first mandamus petition without prejudice to renewal if the district court did not vacate its June 10, 1996 remand order, as mandating that the district court permit Newton's case to proceed to trial in federal court. We disagree. This Court's order on the first mandamus petition did mandate that the district court vacate its June 10, 1996 order, but it did not mandate that the district court permit the case to proceed to trial in federal court. In other words, our order on the prior mandamus petition did not foreclose the district court from reconsidering Newton's prior motion for a remand, which it had previously thought to be moot. That is what the district court did. After the district court vacated its June 10, 1996 remand order in compliance with this Court's mandate, it then considered and granted Newton's motion for a remand, which was no longer moot in view of the vacation of the June 10 order of remand.

## IV.

Realizing we might hold that the district court's action did not contravene the mandate of this Court's order concerning the first petition, Uniroyal also asks us to grant this second petition for mandamus on the ground that the district court clearly erred in ruling that the removal was tardy. Uniroyal contends that that ruling was clear error because under Alabama law, a severed case is to be considered a new action, *Key v. Robert M. Duke Insurance Agency,* 340 So.2d 781, 783 (Ala.1976). That being so, Uniroyal contends that its removal notice should have been viewed as filed seven days after Newton's severed action "commenced," which is well within the one-year period prescribed in 28 U.S.C. § 1446(b).

■ The last sentence of 28 U.S.C. § 1446(b) provides that: "[A] case may not be removed on the basis of jurisdiction con-

ferred by section 1332 of this title more than 1 year after commencement of the action." Section 1332 involves diversity of citizenship jurisdiction, which was the basis of removal in this case. Furthermore, § 1447(c) provides that:

A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c).[1] The untimeliness of a removal is a procedural, instead of a jurisdictional, defect. *See, e.g., Maniar v. FDIC,* 979 F.2d 782, 784–85 (9th Cir.1992) ("We hold that untimely removal is a procedural defect and not jurisdictional."); *Barnes v. Westinghouse Elec. Corp.,* 962 F.2d 513, 516 (5th Cir.) (holding one-year time limit on removal is "procedural"), *cert. denied,* 506 U.S. 999, 113 S.Ct. 600, 121 L.Ed.2d 536 (1992). Here, the motion to remand because of the untimeliness of the removal was filed within the requisite 30 day period following removal.

■ We lack jurisdiction to consider Uniroyal's argument that the district court erred in granting Newton's motion for remand of the removed case. Section 1447(d) specifies that:

An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise.

28 U.S.C. § 1447(d). While *In re: First National Bank of Boston,* 70 F.3d 1184 (11th Cir.1995), may have lent some support to Uniroyal's position, that decision has been vacated, 102 F.3d 1577 (11th Cir.1996). In any event, five days after the *First National*

---

1. Effective October 1, 1996, Congress amended § 1447(c) by striking "any defect in removal procedure" and inserting in its place "any defect other than subject matter jurisdiction." United States District Court: Removal Procedure, Pub.L. No. 104–219, 110 Stat. 3022 (1996). We

need not decide whether that amendment applies to this case, in which the removal and remand occurred before the effective date of amendment, because the change does not affect our analysis or the result in this case.

*Bank of Boston* decision was issued, the Supreme Court issued its decision in *Things Remembered v. Petrarca,* —— U.S. ——, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995), which affirmed a court of appeals' holding that it lacked jurisdiction to review a remand based upon untimely removal grounds. In that decision, the Supreme Court held in no uncertain terms that remands based on grounds specified in § 1447(c) are immune from review under § 1447(d). As the court explained: "As long as a district court's remand is based on a timely raised defect in removal procedure or on lack of subject-matter jurisdiction—the grounds for remand recognized by § 1447(c)—a court of appeals lacks jurisdiction to entertain an appeal of the remand order under § 1447(d)." —— U.S. at ——, 116 S.Ct. at 497.

What the Supreme Court said in *Things Remembered* about lack of appellate jurisdiction over such remands applies as well to mandamus jurisdiction, because § 1447(d) provides that such remands are not "reviewable by appeal or otherwise." *See also, Thermtron Products v. Hermansdorfer,* 423 U.S. 336, 343, 96 S.Ct. 584, 589, 46 L.Ed.2d 542 (1976) ("If a trial judge purports to remand a case on the ground that it was removed 'improvidently and without jurisdiction,' his order is not subject to challenge in the court of appeals, by mandamus or otherwise.").[2]

## V.

In *Things Remembered,* the Supreme Court held that a federal court of appeals may not review a district court order granting a timely filed motion to remand a case to state court on grounds of untimely removal. That is what we have here, and we follow the holding of that case. The petition for writ of mandamus is DENIED for lack of jurisdiction.

---

**2.** We do not have before us, and do not purport to decide, the question of whether a *sua sponte* remand on non-jurisdictional grounds falls within 28 U.S.C. §§ 1447(c) and (d).