**WHIDDON FARMS, INC; West Butler Farms, Inc; and Max Whiddon, Plaintiffs,**

v.

**DELTA AND PINE LAND COMPANY; Monsanto Company; Helena Chemical Company; Arnold Woodham; Terra (n/k/a Agro Distributions, L.L.C.), Defendant.**

No. Civ.A. 00–0337–RV–C.

United States District Court, S.D. Alabama, Northern Division.

May 4, 2000.

W. Percy Badham, III, Mitchell G. Allen, N. Lee Cooper, Maynard, Cooper, and Gale P.C., Birmingham, AL, for Whiddon Farms, Inc., West Butler Farms, Inc., Max Widdon.

Steadman S. Shealy, Jr., James H. Pike, Cobb, Shealy & Crum, Dothan, AL, for Delta and Pine Land Company, defendant.

Scott S. Partridge, James F. Shuey, Frilot, Partridge, Kohnke & Clements, New Orleans, LA, Warren B. Lightfoot, Jr., John M. Johnson, Harlan I. Prater, IV, James F. Hughey, III, Kevin E. Clark, Lightfoot, Franklin & White, Birmingham, AL, for Monsanto Company Employee Benefits Plans Committee, defendant.

Ronald G. Davenport, D. Mitchell Henry, Rushton, Stakely, Johnston & Garrett, P.A., Montgomery, AL, for Helena Chemical Company, Arnold Woodham, defendants.

Edward S. Sledge, III, Brian P. McCarthy, for Terra, n/k/a Argro Distributions, Inc., defendant.

## OPINION

VOLLMER, District Judge.

This matter comes before the court on defendant Monsanto Company's motion for leave to amend its notice of removal and for reconsideration of an order remanding this case to the Circuit Court of Wilcox County, Alabama. After careful consideration, the court concludes that it lacks jurisdiction to address Monsanto's motion.

### I. BACKGROUND

Monsanto, joined by defendants Delta and Pine Land Company and Helena Chemical Company, removed this action on April 14, 2000. In its notice of removal, Monsanto asserted that the court had diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Monsanto acknowledged that complete diversity of citizenship does not exist on the face of the complaint because each of the plaintiffs, and defendant Arnold Woodham, are citizens of Alabama, but it argued that Woodham's citizenship should not be considered because he was fraudulently joined.

On April 27, 2000, the court remanded this action *sua sponte* pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction. As the court explained in its remand order, there was no need to determine whether Woodham had been fraudulently joined because Monsanto had not demonstrated that there was complete diversity of citizenship between plaintiffs and the other defendants. Specifically, although the notice of removal provided the principal place of business for every defendant corporation, it made no similar allegation for either plaintiff corporation. The notice of removal simply stated that plaintiffs Whiddon Farms, Inc., and West Butler Farms, Inc., are both "corporation[s]

organized and existing under and by virtue of the laws of the State of Alabama." Consequently, the court was unable to determine whether either corporate plaintiff was also a citizen of another state, such as Delaware, which is Monsanto's state of incorporation. Thus, having failed to provide a jurisdictional allegation concerning either plaintiff corporation's principal place of business, Monsanto failed to meet its burden of demonstrating that there was complete diversity of citizenship between the parties.

On May 1, 2000, Monsanto filed a motion for reconsideration and for leave to amend its notice of removal. The motion is premised upon three grounds: (1) the court has jurisdiction to entertain the motion because a *sua sponte* remand based on a procedural defect in the removal process is not shielded from reconsideration; (2) the court retains jurisdiction to reconsider its remand because the state court has not yet received a certified copy of the remand order; and (3) Monsanto is entitled to amend its notice of removal to add the corporate plaintiffs' principal place of business pursuant to 28 U.S.C. § 1653.

### II. DISCUSSION

The threshold question presented by a motion to reconsider a remand order is whether the court retains jurisdiction to entertain the motion. As this court recently explained in *Tipp v. AmSouth Bank*, 89 F.Supp.2d 1304 (S.D.Ala.2000), where, as here, a case is remanded pursuant to 28 U.S.C. § 1447(c),[1] the court is precluded by 28 U.S.C. § 1447(d) from reconsidering that remand. This holding was based upon the plain language of section 1447(d), which states that a district court "order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise."

---

**1.** Section 1447(c) provides in relevant part:

A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal

under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

Monsanto argues that the court retains jurisdiction to reconsider the remand order because the court's reliance on section 1447(c) was misplaced. The remand order expressly provides that this case was being remanded "pursuant to section 1447(c)" because Monsanto had not provided the principal place of business for either plaintiff corporation and had therefore failed to prove "the existence of subject matter jurisdiction." April 27, 2000, Order (Doc. 12). Nonetheless, Monsanto takes the position that its omission of the corporate plaintiffs' principal place of business was a "procedural" defect in the removal process, and it insists that, without a motion to remand by a plaintiff, a federal district court lacks the discretion to remand a case to state court based solely on a procedurally defective removal. Citing *In re First National Bank of Boston*, 70 F.3d 1184, 1188–89 (11th Cir.1995), *vacated by* 102 F.3d 1577 (11th Cir.1996), and *In re Allstate Insurance Co.*, 8 F.3d 219, 222 (5th Cir.1993), Monsanto argues that since the court lacked discretion to remand this case *sua sponte*, the remand order could not have been issued under section 1447(c) and thus is not shielded from review by section 1447(d).[2]

The court disagrees. First, Monsanto acknowledges, as it must, that the only Eleventh Circuit opinion which supports this proposition, *First National Bank*, 70 F.3d at 1188–89, no longer has any precedential force because it has been vacated, 102 F.3d 1577. The court also rejects the assertion that *First National Bank* at least provides some "insight" as to how the Eleventh Circuit might resolve this question if it were raised on appeal. This conclusion is supported by the fact that shortly after vacating its opinion in *First National Bank*, the Eleventh Circuit declined on jurisdictional grounds to revive that holding. *See In re Uniroyal Goodrich Tire Co.*, 104 F.3d 322, 324–25 (11th Cir.1997); *see also In re Bethesda Mem'l Hosp. Inc.*, 123 F.3d 1407, 1410–11 (11th Cir.1997) (assuming without deciding that a district court may remand a case *sua sponte* for defects in the removal process). Thus, there is no binding precedent in this circuit which holds that the district courts are without discretion to remand a case *sua sponte* pursuant to section 1447(c) because of a procedural defect in the removal process.

■ Second, the court is not persuaded by those non-binding decisions which held that the failure to include a jurisdictional allegation in a notice of removal constitutes a "procedural" defect. *See First National Bank*, 70 F.3d at 1188–89; *Allstate*, 8 F.3d at 222. As the dissenting judges in both cases explained, an inadequate jurisdictional allegation in a notice of removal is, by its terms, a jurisdictional defect. *See First Nat'l Bank*, 70 F.3d at 1190–91 (Black, J., dissenting); *Allstate*, 8 F.3d at 224 (Higginbotham, J., dissenting). Indeed, to properly invoke federal diversity jurisdiction, a notice of removal must provide all "the requisite factors of diversity jurisdiction ... at the time removal is attempted." *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 255 (5th Cir.1961).[3] Of course, when a corporation is a party, its citizenship is both "the State by which it has been incorporated and ... the State where it has its principal place of

---

**2.** Monsanto also cites *In re Continental Casualty Co.*, 29 F.3d 292, 294 (7th Cir.1994), for the proposition that a district court lacks discretion "to remand a case *sua sponte* on the ground that defendant failed to allege plaintiff's citizenship at the time the original removal petition was filed." Monsanto's Mot. for Recons. at 4 (Doc. 16). This was not the holding of *Continental Casualty*. Although the parties in that case were apparently of diverse citizenship, the basis for the removal was federal question jurisdiction. *See id.* at

292. Thus, the omission of the parties' citizenship in that case was completely irrelevant to the Seventh Circuit's holding that district courts should not resolve untimely removals by remanding them *sua sponte*.

**3.** In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions issued by the former Fifth Circuit prior to October 1, 1981.

business." 28 U.S.C. § 1332(c)(1). Thus, if a notice of removal fails to identify both of these jurisdictional elements, it is unlikely that the court could determine whether there is complete diversity between the parties. In such a situation, the court must remand the case because the removing defendant has not met its burden of demonstrating the propriety of the removal. *Cf. University of S. Ala. v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir.1999) ("all doubts about jurisdiction should be resolved in favor of remand to state court"). Here, because the notice of removal did not allege the principal place of business of either plaintiff corporation, the court was unable to determine that there was complete diversity of citizenship between the parties.[4] Therefore, this case was remanded pursuant to section 1447(c) because of jurisdictional—rather than procedural—inadequacies in the removal.

Accordingly, because there is no binding Eleventh Circuit case law which removes the court's discretion to remand a case *sua sponte* pursuant to section 1447(c) due to a procedural defect, and because the omission of a necessary jurisdictional allegation in the notice of removal constitutes a jurisdictional defect, the court rejects the assertion that its remand order did not properly invoke section 1447(c).

In the alternative, Monsanto observes that even if the remand order divests this court of jurisdiction, the Eleventh Circuit has not addressed the more narrow question of *when* such jurisdiction is divested. As Monsanto points out, the relevant removal statute states that "[a] certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case." 28 U.S.C. § 1447(c). Monsanto reads this language to mean that a federal court retains jurisdiction over the case until the state court actually receives the certified copy of the remand order.

Monsanto's position is not without some support. In *Bucy v. Nevada Construction Co.*, 125 F.2d 213, 217 (9th Cir.1942), the Ninth Circuit noted that a remand order was not self-executing under the predecessor to section 1447 in effect at the time because the parties were required to file a certified copy of the remand order in the state court before the state court could resume jurisdiction. Thus, in the Ninth Circuit's view, the district court maintained jurisdiction to reconsider its remand order until the certification occurred. *See id.* at 217–18. Following the enactment of section 1447, several circuits extended *Bucy* to hold that reconsideration of a remand order is jurisdictionally possible until the clerk of court mails a certified copy of the remand order to the state court. *See Seedman v. U.S. Dist. Court for Cent. Dist. of Cal.*, 837 F.2d 413, 414 (9th Cir.1988); *Hunt v. Acromed Corp.*, 961 F.2d 1079, 1081 (3d Cir.1992); *Browning v. Navarro*, 743 F.2d 1069, 1078 (5th Cir.1984); *In re La Providencia Dev. Corp.*, 406 F.2d 251, 252 (1st Cir.1969). Consequently, in the First, Third, Fifth and Ninth Circuits, a federal district court does not lose jurisdiction over a remanded action until the clerk of court physically mails a certified copy of the remand order to the state court.

However, none of these decisions are on all fours with Monsanto's assertion that a federal district court retains jurisdiction to

---

4. In its motion for reconsideration, Monsanto contends that the complaint, a copy of which was attached to the notice of removal, "clearly establishes that diversity of citizenship exists between the properly joined parties." Mot. for Recons. at 4 (Doc. 16). Though Monsanto does not expressly say so, it is apparently referring to the first paragraph of the complaint, which states: "Plaintiffs Whiddon Farms, Inc. and West Butler Farms, Inc. are Alabama Corporations conducting business in Wilcox and Butler Counties, Alabama." Needless to say, a broad allegation that a company conducts business in a particular state does not, by itself, establish that this state is also the company's principal place of business. Moreover, "[i]n a removal action, the burden is on the defendant, not the plaintiff, to plead the basis for jurisdiction." *Fowler v. Safeco Ins. Co.*, 915 F.2d 616, 617 (11th Cir.1990).

reconsider its remand order until the certified copy of that order is actually *received* by the state court. Indeed, the only relevant citation that Monsanto provides for this proposition is the following quote:

> The district court is required to mail a certified copy of the order to the clerk of the state court, and *upon the state court's receipt of this copy, the federal court is without power to vacate the order to remand,* even if it becomes persuaded that the order was erroneous.

14C Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3739, at 491–94 (3d ed.1998) (emphasis added). In light of the fact that none of the cases cited by this treatise go so far as to say that it is the act of receiving, rather than mailing, a certified copy of the remand order which divests the federal court of jurisdiction, this court respectfully disagrees with this statement. Moreover, because "[l]ogic also indicates that it should be the action of a court (entering an order of remand) rather than the action of a clerk (mailing a certified copy of the order) that should determine the vesting of jurisdiction," *Van Ryn v. Korean Air Lines,* 640 F.Supp. 284, 285 (C.D.Cal.1985), the court similarly declines to follow those decisions which hold that a federal district court retains jurisdiction to reconsider its remand order until the clerk of court mails a certified copy of that order to the state court.

■ Instead, the court agrees with the approach taken by those courts which have held that a district court loses jurisdiction immediately upon the entry of a remand order. *See In re Lowe,* 102 F.3d 731, 735 (4th Cir.1996); *Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft,* 67 F.Supp.2d 1242, 1244 (D.Kan.1999); *Van*

*Ryn,* 640 F.Supp. at 285; *Clayton v. Clayton,* No. 85–C–9908, 1986 WL 12293 (N.D.Ill. Oct.29, 1986). As the Fourth Circuit cogently explains:

> Subsection 1447(d) provides only that a remand "order" may not be reviewed; it does not condition reviewability on any other event. Thus, the plain language of subsection (d) indicates that a court may not reconsider its decision to remand, as soon as it formalizes that decision in an "order." Subsection 1447(c) supports this interpretation. It directs the district court clerk to mail a "copy" of the remand order to the state court, certainly implying that the order itself, the document § 1447(d) tells us is unreviewable, is in existence before the time of the mailing.

*In re Lowe,* 102 F.3d at 734. That is, nothing in the language of section 1447(d) states that the federal court clerk must first mail a certified copy of the remand order to the state court as required by section 1447(c) in order to divest the federal court of jurisdiction over the removed action. This court concurs with the Fourth Circuit that "[t]o hold otherwise would impermissibly elevate substance over form." *Id.* at 735.

As a practical matter, however, the temporal distinctions discussed in this opinion do not affect the final disposition of Monsanto's motion to reconsider. It does not matter whether federal jurisdiction divests upon entry, certification, or receipt of the remand order because all three events occurred before Monsanto filed its motion on May 1, 2000—the remand order was entered on April 27, 2000, a certified copy of that order was mailed to the state court the same day, and the certified copy was received on April 28, 2000.[5] Therefore,

5. Though Monsanto asserts in its motion for reconsideration that the Circuit Court of Wilcox County "had not received and entered this court's remand order, as of 9:00 a.m. on Monday, May 1, 2000," the clerk of this court contacted the state court on May 3, 2000, and confirmed that the state court received a certified copy of the remand order on April 28, 2000. Moreover, even if the state court somehow received the remand order after Monsan-

to filed its motion for reconsideration in federal court, Monsanto "does not provide any suggestion why the pendency of its motion would somehow preserve this Court's jurisdiction. Because the Court did not stay the mailing of the remand order and the state court has received it, the Court lacks jurisdiction to consider even timely motions." *Aetna,* 67 F.Supp.2d at 1247. In other words, the

regardless of which event actually removed federal jurisdiction, the court lost jurisdiction over this action well before Monsanto filed its motion to reconsider. Without such jurisdiction, the court is unable to entertain the merits of Monsanto's motion.

### III. CONCLUSION

The court remanded this action to the Circuit Court of Wilcox County pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction. Thus, the court lacks jurisdiction under 28 U.S.C. § 1447(d) to reconsider that remand or to grant Monsanto leave to amend its notice of removal.

court no longer retains jurisdiction to consider Monsanto's motion, even if Monsanto filed that motion before the court lost jurisdiction.