### In re BRIDGESTONE/FIRESTONE, INC., ATX, ATX II, and Wilderness Tires Products Liability Litigation.

**William Halkett, Jr. et al.,**

v.

**Bridgestone/Firestone, Inc. et al.**

**No. IP00–9373–C–B/S.**

United States District Court, S.D. Indiana, Indianapolis Division.

Jan. 25, 2001.

---

Don Barrett, Barrett Law Office Pa, Lexington, MS, Victor Manuel Diaz Jr., Podhurst Orseck Josefsberg Eaton, Miami, FL, Mike Eidson, Colson Hicks Eidson, Coral Gables, FL, Irwin B. Levin, Cohen & Malad, William E. Winingham, Indianapolis, IN, for Plaintiffs.

John H. Beisner, O'Melvy & Myers LLP, Washington, DC, Daniel P. Bryon, McHale Cook & Welch PC, Indianapolis, IN, Glen R. Goldsmith, Glen R. Goldsmith & Associates Pa, Miami, FL, Mark Herrmann, Jones Day Reavis & Pogue, Cleveland, OH, Thomas S. Kilbane, Squire Sanders & Dempsey LLP, Cleveland, OH, Richard L. Klein, Willkie Farr & Gallagher, New York City, Louis A. Lehr, Chicago, IL, Mark Merkle, Krieg Devault Alexander & Capehart, Randall Riggs, Locke Reynolds LLP, Indianapolis, IN, Michael P. Rudd, Hightower and Rudd Pa, Miami, FL, Colin P. Smith, Holland & Knight LLP, Chicago, IL, Thomas G. Stayton, Baker & Daniels, Indianapolis, IN, for Defendants.

### ORDER ON MOTION TO REMAND

BARKER, District Judge.

Now before the Court is the Motion to Remand filed by plaintiffs William Halkett, Jr. and Pamela Halkett, individually and on behalf of their minor children ("the Halketts"). For the reasons set forth below, the Motion to Remand is DENIED.

#### Discussion

The Halketts initiated this action on August 23, 2000, with the filing of their complaint in the 11th Judicial Circuit in and for Dade County, Florida. The Halketts named as defendants Ford Motor Company ("Ford"), Bridgestone/Firestone, Inc. ("Firestone"), Sunrise Ford Company ("Sunrise"), and City Tire Service of Leesburg, Inc. ("City Tire"). Defendant Ford filed a Notice of Removal on September 8,

2000, citing the plaintiffs' assertion of claims under a federal statute as the basis for federal subject matter jurisdiction. On September 20, 2000, the Halketts filed their Motion to Remand pursuant to 28 U.S.C. § 1447, along with their Amended Complaint. The Halketts maintain in their Motion to Remand and Supporting Memorandum of Law ("Plaintiffs' Memorandum") that this action must be remanded to state court because: (1) not all defendants timely consented to removal; and (2) their Amended Complaint does not assert federal claims. For the reasons explained below, neither argument merits remand.

### Choice of Law Issue

Although the Halketts' motion had been fully briefed before transfer to this Court, we afforded the parties an opportunity to provide supplemental briefing on the post-transfer choice of law issue and on the application of the appropriate authority to the issues presented by the motion. Defendants Ford and Firestone took advantage of that opportunity; the other parties did not.

■ We conclude, consistent with the position advanced by Ford and Firestone, that the law of the Seventh Circuit governs the removal and remand issues presented in this case. The law of the circuit where the transferee court sits governs questions of federal law in MDL proceedings. *In re Korean Air Lines Disaster of September 1, 1983*, 829 F.2d 1171, 1176 (D.C.Cir.1987) ("the law of a transferor forum on a federal question ... merits close consideration, but does not have stare decisis effect in a transferee forum situated in another circuit."). Remand and removal, the issues now before the Court, are procedural questions that hinge on federal law. *In re*

*Ford Motor Co. Bronco II Products Liability Litigation*, 1996 WL 257570, at *1–2 (E.D.La. May 16, 1996) (applying law of circuit of transferee court to procedural question of remand and removal in diversity case).

### Timely Consent to Removal

■ The Halketts correctly argue that all defendants must join in or consent to a notice of removal within the thirty-day period provided by 28 U.S.C. § 1441. *See, e.g., McMahon v. Bunn–O–Matic Corp.*, 150 F.3d 651, 653 (7th Cir.1998).[1] They filed their Motion to Remand, however, without waiting to see whether the three defendants other than Ford would join in the removal. City Tire filed its notice of consent to and joinder in the removal on September 25, and Firestone and Sunrise did so on September 26.[2] The Halketts contend, without pointing to any specific facts, that these three consents and joinders were not timely. *See* Plaintiffs' Memorandum at 5–7. The facts do not bear out their contention. The thirty-day period during which a defendant must remove or consent to removal begins to run upon service of the complaint and summons. *See, e.g., Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999). According to the docket of the Circuit Court in Dade County, Ford and Firestone were served on August 29, 2000, Sunrise was served on August 30, 2000, and City Tire was served on September 5, 2000. Each therefore filed its respective notice of removal or consent to and joinder in the removal within thirty days of service.

The Halketts have attempted to bolster their argument that not all defendants timely consented to removal by pointing

---

**1.** The Halketts also suggest that all defendants must have signed Ford's notice of removal and that it was not sufficient to join in it later. Plaintiffs' Memorandum at 5. That position is untenable. *See, e.g., Martin v. Harshbarger*, 1994 WL 86020 at *2 (N.D.Ill.1994). Even the case the Halketts cite in support compels the opposite conclusion. *Newman v. Spectrum Stores*, 109 F.Supp.2d 1342, 1346 (M.D.Ala.2000), held that it is not adequate for one defendant merely to recite in its notice of removal that the other defendants consent to removal; each defendant must formally consent to the removal within thirty days. That is exactly what happened in this case.

**2.** Sunrise, for reasons not apparent to us, filed *another* notice of consent and joinder on September 29.

out that defendants Sunrise and Tire City filed motions to dismiss in the state court before joining in the notice of removal. This strategy, the Halketts argue, demonstrates that these defendants intended to litigate in state court and therefore did not consent to removal, or, alternatively, that they revoked their consent. Plaintiffs' Memorandum at 7. Sunrise and Tire City indisputably filed consents to the notice of removal. Moreover, it is difficult to imagine how they could have revoked their consents by virtue of actions taken *before* they filed those consents.

■■■ What the Halketts perhaps intend to argue is that Sunrise and Tire City waived their rights to give the necessary consents by filing motions to dismiss in the state court. The Halketts have advanced authority from another circuit that would support such an argument. In *Scholz v. RDV Sports, Inc.*, 821 F.Supp. 1469 (M.D.Fla.1993), and *Kam Hon, Inc., v. Cigna Fire Underwriters Ins. Co.*, 933 F.Supp. 1060 (M.D.Fla.1996), the District Court for the Middle District of Florida found that the filing of a motion to dismiss constituted a waiver of the right to remove. These holdings could reasonably be extended to apply to consents to removal. However, not only do we find that the prevailing and better reasoned view on this issue is that the filing of a motion to dismiss in the state court does not constitute a waiver of the right to remove to removal, but the Seventh Circuit has unequivocally rejected the Halketts' assertion. In *Rothner v. City of Chicago*, 879 F.2d 1402, 1416 (7th Cir.1989), the court held that absent some "extreme situation" like fully trying the state court case on the merits, the right to remove cannot be waived. *See also Hill v. Maton*, 944 F.Supp. 695, 697 n. 3 (N.D.Ill.1996) (argument that the filing of a motion to dismiss in state court constituted a waiver of right to remove "is a loser in the Seventh Circuit" (citing *Rothner* )). The defendants

all timely joined in removal and had not waived their right to do so.

## *Elimination of Federal Claims from Amended Complaint*

Counts 4 and 8 of the Halketts' original complaint expressly and unambiguously asserted claims under the National Highway Traffic and Motor Vehicle Safety Act of 1966, 49 U.S.C. § 30118. After Ford filed its Notice of Removal, the Halketts filed, as of right, an amended complaint that deleted references to these federal statutory claims. Because the amended complaint provides no basis for federal jurisdiction, say the Halketts, the action should be remanded to state court. *See* Plaintiffs' Memorandum at 7–10.

■■■ The question, then, is whether an action that was properly removed on the basis of the allegations of the complaint at the time the removal notice was filed should be remanded because the plaintiff amended the complaint after the removal notice to delete the federal claims that had served as the basis for removal. The Seventh Circuit has said that the answer is no. In *Hammond v. Terminal Railroad Ass'n*, 848 F.2d 95 (7th Cir.1988), the court addressed a similar circumstance. The plaintiff's original complaint filed in state court asserted a claim under the Federal Employers Liability Act ("FELA"); and the defendant removed to federal court on the basis of federal question jurisdiction.[3] The plaintiff then amended his complaint to allege only that the defendant employer's conduct constituted the intentional infliction of emotional distress and sought remand. The Seventh Circuit rejected the plaintiff's argument that the action should have been remanded under 28 U.S.C. § 1447(c):

The defendant's right to remove a case from state to federal court depends on the complaint filed by the plaintiff in state court. If that complaint states a

---

**3.** Although an action brought under FELA is not removable (28 U.S.C. § 1445(a)), the defendant had maintained, and both the district court and the Seventh Circuit agreed, that the

allegations of the plaintiff's original complaint actually constituted a claim under the federal Railway Labor Act and was thus removable.

claim that is removable, ... removal is not defeated by the fact that, after the case is removed, the plaintiff files a new complaint, deleting the federal claim or stating a claim that is not removable. *Id.* at 97 (citations omitted).[4] Similarly, in *Boelens v. Redman Homes, Inc.,* 759 F.2d 504, 507 (5th Cir.1985), the Seventh Circuit noted that "the majority view is that a plaintiff's voluntary amendment to a complaint after removal to eliminate the federal claim upon which removal was based will not defeat federal jurisdiction," and went on to explain that the rule "serves the salutary purpose of preventing the plaintiff from being able to destroy the jurisdictional choice that Congress intended to afford a defendant in the removal statute."

For these reasons, we conclude that the Halketts' elimination of their federal claims by amendment filed after the notice of removal does not warrant the remand of this action to state court.

### Conclusion

For the reasons stated above, we hold that all defendants timely joined in or con-

sented to removal, and that the plaintiffs' amendment of the complaint after notice of removal had been filed to eliminate their federal claims does not warrant remand. The Halketts' Motion to Remand is therefore DENIED.

---

4. This conclusion arguably resurrects the issue discussed in the preceding section in a manner not addressed by the parties. If the propriety of removal depends on the allegations of the complaint as it existed at the time of removal, when did removal become effective in this case? The Halketts filed their amended complaint on September 20, 2000. As of that date, three of the defendants had not yet joined in or consented to Ford's notice of removal. The Seventh Circuit, construing the prior removal statute that required a defendant to petition for removal, stated that "[a]s a general rule, all defendants must join in a removal petition in order to effect removal." *Northern Illinois Gas Co. v. Airco Industrial Gases,* 676 F.2d 270, 272 (7th Cir.1982). Although we have considered the possibility that we should view removal as having become effective only upon the last of the defendants joining in the removal, we reject it as the basis for a different result here, for three reasons. First, the Seventh Circuit's decision in *Northern Illinois Gas* pre-dates the 1988 amendments to 28 U.S.C. § 1446(a) that dispensed with the requirement of petitioning for removal and made removal effective upon the filing of the notice of removal. Second, the

Seventh Circuit later noted in a decision issued after the 1988 amendments that " 'Federal courts base decisions about subject matter jurisdiction after removal on the plaintiff's complaint *as it existed at the time the defendant filed the removal petition.*' " *Prince v. Rescorp Realty,* 940 F.2d 1104, 1105 n. 2 (7th Cir.1991)(quoting *Kidd v. Southwest Airlines Co.,* 891 F.2d 540, 546 (5th Cir.1990))(emphasis by Seventh Circuit). Third, and most important, the principle underlying the majority rule that a plaintiff cannot defeat removal by voluntary elimination of the federal claims originally pled is fully applicable under the circumstances presented here. As another district court in this circuit has explained,

> If a state forum is more important to the plaintiff than his federal claims, he should have to make that assessment before the case is jockeyed from state court to federal court and back to state court. The jockeying is a drain on the resources of the state judiciary, the federal judiciary and the parties involved; [this] tactical manipulation ... cannot be condoned.

*Austwick v. Board of Education,* 555 F.Supp. 840, 842 (N.D.Ill.1983).