## In re BRIDGESTONE/FIRESTONE, INC., Tires Products Liability Litigation.

Lynn Brown Jackson, et al., Plaintiffs,

v.

Bridgestone/Firestone, Inc., et al., Defendants.

Nos. IP–00–9373–C–B/S, IP 01–5410–C–B/S. MDL No. 1373.

United States District Court, S.D. Indiana, Indianapolis Division.

Jan. 8, 2002.

Don Barrett, Barrett Law Office Pa, Lexington, MS, Victor Manuel Diaz, Jr., Podhurst Orseck Josefsberg & Eaton, Miami, FL, Mike Eidson, Colson Hicks Eidson, Coral Gables, FL, Irwin B Levin, Cohen & Malad, Indianapolis, IN, William E Winingham, Wilson Kehoe & Winingham, Indianapolis, IN, for Plaintiffs.

John H Beisner, O'Melveny & Myers LLP, Washington, DC, Daniel P Byron, McHale Cook & Welch Pc, Indianapolis, IN, Mark Herrmann, Jones Day Reavis & Pogue, Cleveland, OH, Thomas S Kilbane, Squire Sanders & Dempsey LLP, Cleveland, OH, Mark Merkle, Krieg Devault Alexander & Capehart, Indianapolis, IN, Randall Riggs, Locke Reynolds LLP, Indianapolis, IN, Colin P Smith, Holland & Knight LLP, Chicago, IL, Thomas G Stayton, Baker & Daniels, Indianapolis, IN, for Defendants.

## ORDER DENYING MOTION TO REMAND

BARKER, District Judge.

Before the Court is the plaintiffs' motion to remand this action to the Mississippi state court in which it was originally filed. For the reasons set forth below, the motion is DENIED.

### Discussion

The plaintiffs, residents of Louisiana, filed this action on February 1, 2001, in Mississippi state court against Ford Motor Company ("Ford"), a Michigan corporation, Bridgestone/Firestone, Inc. ("Firestone"), an Ohio corporation with its principal place of business in Tennessee, and 16th Avenue Shell Service Station ("16th Avenue Shell"), a citizen of Mississippi. Ford and Firestone were served with the complaint on February 22, 2001. On March 13, 2001 (16th Avenue Shell having not been served), Ford removed the action to the Southern District of Mississippi, and Firestone joined in the removal on March 15, 2001. On April 3, 2001, the plaintiffs served 16th Avenue Shell, and on April 9, 2001, filed their motion to remand with the Southern District of Mississippi, which stayed the case pending transfer to this MDL without ruling on the motion to remand.

The defendants predicated removal on diversity jurisdiction and federal question jurisdiction, both of which are challenged by the plaintiffs' motion to remand. Because of our resolution of the former challenge, we need not and do not reach the latter.

In cases where federal question jurisdiction does not apply, an action is removable under 28 U.S.C. § 1441 only when (1) complete diversity among the

parties exists, and (2) no "properly joined and served" defendant is a citizen of the state in which the action was brought. *See* 28 U.S.C. § 1441(a) and (b). Complete diversity clearly exists here, because no named defendant resides in Louisiana. Plaintiffs maintain, however, that removal was improper because 16th Avenue Shell is a citizen of Mississippi, the state in which they filed their complaint. Section 1441(b) would have precluded removal, however, only if 16th Avenue Shell had been *properly served*, and it had not been served at the time Ford filed the removal petition. That it ultimately was served does not affect the propriety of removal. *See In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) (properly removed case not to be remanded because of subsequent events).[1] Moreover, contrary to the plaintiffs' argument, 16th Avenue Shell's consent to removal was not required. *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 369 (7th Cir. 1993) (consent of defendant served after filing of removal petition not required).

The defendants' removal of this action was proper under 28 U.S.C. § 1441. The plaintiffs' motion to remand is therefore DENIED.

It is so ORDERED this ___ day of January, 2002.

---

1. The law of the Seventh Circuit governs the removal and remand issues presented in this case. In re *Bridgestone/Firestone, Inc., et al.,* 128 F.Supp.2d 1198 (S.D.Ind.2001).