610 F.2d 335
 In re A. Vernon WEAVER, Administrator of the Small Business
Administration, an Agency of the United States of America,
A. Clarence Barnes, Individually and as District Director of
the Small Business Administration, Fred Reed, Individually
and as Assistant Director of the Small Business
Administration, Marvin Paul Cocchi, Individually and as a
loan officer of the Small Business Administration, Ralph
Jernigan, Individually and as Manager of the Portfolio
Section of the Small Business Administration, and their
successors, Petitioners.
 No. 79-3033.
 United States Court of Appeals,
Fifth Circuit.
 Jan. 24, 1980.
 
 Melissa S. Mundell, Asst. U. S. Atty., Savannah, Ga., for petitioners.
 Karsman, Brooks & Doremus, A. Lee Lassiter, Jr., Savannah, Ga., for Insul-Lite, Inc., etc.
 On Petition for Writ of Mandamus to the United States District Court for the Southern District of Georgia.
 Before MORGAN, RONEY and GARZA, Circuit Judges.
 GARZA, Circuit Judge:
 
 
 1
 Petitioners in this action ask the Court to issue a Writ of Mandamus directing a district judge to reconsider his Order remanding a removal action to state court. We refuse to issue such a Writ.
 
 
 2
 On April 23, 1979, Insul-Lite, Inc., a Georgia corporation engaged in the manufacturing of window and glass patio door units, and two individuals who had acted as guarantors of the corporation, brought suit in Georgia state court against the petitioners herein, employees of the Small Business Administration (hereinafter the "SBA"). Insul-Lite contended in a state court complaint that its financial difficulties, including the foreclosure of a loan by the SBA and Insul-Lite's inability to receive other loans were due to acts done and representations made by employees of the SBA. Insul-Lite sought damages against the petitioners herein for slander, breach of contract, interference with contractual relations, fraud and malicious acts allegedly perpetrated while employed as representatives of the SBA. Insul-Lite also sought injunctive relief to prevent the SBA from selling the corporate assets which had been seized by the SBA. Insul-Lite obtained an apparently Ex parte order of a Georgia superior court judge, enjoining the SBA from selling the assets. Immediately thereafter, the petitioners herein, contending that injunctive relief was precluded under 15 U.S.C. § 634(b)(1),[1] arranged a telephone conference call with a different superior court judge. That judge vacated the injunction. The sale occurred, and a few days later, the petitioners filed their petition for removal to the United States District Court for the Southern District of Georgia.
 
 
 3
 Following a hearing on the removal issue, District Judge B. Avant Edenfield signed an order remanding the action to the Georgia Superior Court. In his order, Judge Edenfield held that removal was no longer available since the petitioners had sought and obtained the dissolution of the temporary injunction in state court.[2] Petitioners immediately filed a Motion to Reconsider in the district court. Judge Edenfield denied the Motion to Reconsider, even though it appeared to him that his remand order had been issued "improvidently." Nearly two months later, petitioners filed yet another Motion to Reconsider before Judge Edenfield.[3] Judge Edenfield reiterated his statement that the remand appeared to have been improvidently issued, but that "there exists no means by which this Court can review or reconsider its remand order." The petitioners then filed their Petition for Mandamus in this Court.
 
 
 4
 28 U.S.C. § 1447(c)[4] allows a district court to remand the case if it was removed "improvidently and without jurisdiction." Pursuant to 28 U.S.C. § 1447(d),[5] such a remand order is not reviewable on appeal or otherwise except in civil rights cases. See Southeast Mortgage Company v. Mullins, 514 F.2d 747, 749 (5th Cir. 1975); McClanahan v. State of Louisiana, 399 F.2d 695, 695 (5th Cir. 1968); 14 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3740 (1976) (hereinafter cited as Wright & Miller). In 1976, the United States Supreme Court, in Thermtron Products, Inc. v. Hermansdorfer, 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976), enlarged the scope of review of remand orders. In Thermtron, the district court had conceded that the petitioner in that case had the right to remove. Because of a crowded docket in the district court, however, the case was remanded so that it would receive an expedited trial in state court. The Supreme Court in Thermtron held that such a remand was reviewable by a Writ of Mandamus. 423 U.S. at 352, 96 S.Ct. 584. The Court reasoned that a district court remand order which was issued upon the grounds specified in § 1447(c) is protected from all avenues of appellate review, regardless of the erroneousness of the remand itself. Id. at 351, 96 S.Ct. 584. By construing § 1447(c) and § 1447(d) together, though, the Court held that appellate review by mandamus is available when remand was based upon grounds not specified in the statute. Id. at 352, 96 S.Ct. 584.
 
 
 5
 The Court further stated its position in Gravitt v. Southwestern Bell Telephone Company, 430 U.S. 723, 97 S.Ct. 1439, 52 L.Ed.2d 1 (1977) (per curiam), Rehearing denied, 431 U.S. 975, 97 S.Ct. 2941, 53 L.Ed.2d 1073 (1977). In that case, Southwestern Bell and American Telephone and Telegraph had removed on the ground of diversity. Southwestern Bell had alleged that it was a Missouri corporation, but the District Court remanded the action since a pleading in an unrelated suit from 1968 stated that Southwestern Bell was a Texas corporation, which destroyed diversity. The Fifth Circuit had reviewed the remand order by way of mandamus on the ground that a district court could not utilize the doctrine of judicial estoppel as the basis for holding that a case was removed improvidently and without jurisdiction. In re Southwestern Bell Telephone Company, 535 F.2d 859, 861 (5th Cir. 1976), Modified en banc, 542 F.2d 297 (5th Cir. 1976), Rev'd sub nom. Gravitt v. Southwestern Bell Telephone Company, 430 U.S. 723, 97 S.Ct. 1439, 52 L.Ed.2d 1 (1977) (per curiam), Rehearing denied, 431 U.S. 975, 97 S.Ct. 2941, 53 L.Ed.2d 1073 (1977). The Supreme Court, in reversing, concluded that the district court's remand order was within the bounds of § 1447(c) and, thus, was not reviewable. 430 U.S. at 723, 97 S.Ct. 1439.
 
 
 6
 In the present case, the district court did not refer to § 1447(c), nor did it mention the phrase "removed improvidently and without jurisdiction." It merely concluded that removal, if it had been proper at all, was no longer available after petitioners had sought the dissolution of the injunction in state court. Such a ruling is not within the specific enumerated grounds of § 1447(c). At the same time, it does not state a non-section 1447(c) ground, as was the case in Thermtron.
 
 
 7
 In such a case, this Court is precluded from reviewing the Order of Remand based upon our decision in In re Merrimack Mutual Fire Insurance Company, 587 F.2d 642 (5th Cir. 1978). In that case, the district court issued a remand on the grounds that diversity of citizenship was lacking due to the addition of certain defendants. In Merrimack, the district court had not stated § 1447(c) grounds nor had it stated non-section 1447(c) grounds. This Court in Merrimack held that, following the ruling in Gravitt, Thermtron was intended to be strictly limited to those cases in which a district court has clearly not relied upon § 1447(c) in ordering a remand. 587 F.2d at 648. See also Wright & Miller § 3740 (Supp.1979) (expressing belief that Thermtron on its face seems quite narrow and may be limited to unusual situations). If such an extreme situation is not present, mandamus is unavailable, even if the order is clearly erroneous. 587 F.2d at 648. See also Live and Let Live, Inc. v. Carlsberg Mobile Home Properties, Ltd. '73, 592 F.2d 846, 848 (5th Cir. 1979). Additionally, the Court in Merrimack held that an appellate court may not use a Writ of Mandamus to compel a district court to state its reasons in an unambiguous manner. 587 F.2d at 648.
 
 
 8
 This Court's rule in Merrimack is applicable in the instant case. Even though the specific language of § 1447(c) was not used, it seems apparent that at the time of the remand order, Judge Edenfield believed the case was not removable, leading to the logical inference that he felt jurisdiction was lacking. Such a holding is within the guidelines of § 1447(c).
 
 
 9
 WRIT DENIED.
 
 
 
 [1]
 15 U.S.C. § 634(b)(1) provides:
 (b) In the performance of, and with respect to, the functions, powers, and duties vested in him by this chapter the Administrator may
 (1) sue and be sued in any court of record of a State having general jurisdiction, or in any United States district court, and jurisdiction is conferred upon such district court to determine such controversies without regard to the amount in controversy; but no attachment, injunction, garnishment, or other similar process, mesne or final, shall be issued against the Administrator or his property.
 
 
 [2]
 Judge Edenfield's order reads in pertinent part: "If the case was removable at all, it was removable prior to the appearance of the Defendants in the Superior Court action."
 
 
 [3]
 During the time period between the Order of Remand and the Petition for Mandamus, petitioners were filing motions and briefs in state court as well as filing motions to reconsider in the federal district court. Petitioners probably should immediately have filed their Petition for Mandamus rather than seeking reconsideration in the district court. At least one circuit has held that once the district court has made its decision, it may not reconsider. See Federal Deposit Insurance Corporation v. Santiago Plaza, 598 F.2d 634, 636 (1st Cir. 1979). Additionally, if petitioners fear they will be harmed by any action in state court occurring during the pendency of a Petition for Mandamus, they are free to file a Motion to Stay
 
 
 [4]
 28 U.S.C. § 1447(c) states in pertinent part:
 (c) If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs.
 
 
 [5]
 28 U.S.C. § 1447(d) provides:
 (d) An order remanding a case to State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title (Civil Rights cases) shall be reviewable by appeal or otherwise.