# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-3021
_____

PR Group, LLC

*Plaintiff - Appellee*

v.

Windmill International, Ltd., a Virginia corporation; Douglas Combs

*Defendants - Appellants*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: April 14, 2015
Filed: July 13, 2015

_____

Before WOLLMAN and GRUENDER, Circuit Judges, and DOTY,[1] District Judge.

_____

WOLLMAN, Circuit Judge.

PR Group, LLC (PR Group) filed suit against Windmill International, Ltd. (Windmill) in Missouri state court in December 2011, but it did not serve Windmill with the complaint. More than two years later, Windmill filed a motion to dismiss for

_____

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota, sitting by designation.

lack of prosecution.  After PR Group responded to the motion but before the state court had ruled on it, Windmill filed a notice of removal.  Once in federal court, PR Group moved to remand, arguing that Windmill had waived its right to remove when it filed the motion to dismiss for lack of prosecution in state court.  The district court granted PR Group's motion.  We reverse.

Under 28 U.S.C. § 1446, a defendant may remove a case filed in state court to federal court based on diversity jurisdiction.  This right can be waived, however, by agreement or by actions taken by the defendant in state court.  A defendant waives the right to remove "by taking some substantial offensive or defensive action in the state court action indicating a willingness to litigate in that tribunal before filing a notice of removal with the federal court."  Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP, 365 F.3d 1244, 1246 (11th Cir. 2004) (per curiam) (quoting 14B Charles A. Wright, et al., Federal Practice & Procedure § 3721 (2003)); see also Resolution Trust Corp. v. Bayside Developers, 43 F.3d 1230, 1240 (9th Cir. 1994) (holding that the defendant may waive the right to remove when "the defendant takes actions in state court that manifest his or her intent to have the matter adjudicated there, and to abandon his or her right to a federal forum").  Such waiver must be clear and unequivocal.  Bayside Developers, 43 F.3d at 1240; Tedford v. Warner-Lambert Co., 327 F.3d 423, 428 (5th Cir. 2003); cf. Weltman v. Silna, 879 F.2d 425, 427 (8th Cir. 1989) (holding that waiver by agreement must be "clear and unequivocal" (quoting 1A J. Moore, B. Ringle & J. Wicker, Moore's Federal Practice ¶ 0.157[9] (2d ed. 1987))).  "[T]he right to removal is not lost by participating in state court proceedings short of seeking an adjudication on the merits."  Tedford, 327 F.3d at 428; see also Bayside Developers, 43 F.3d at 1240; cf. Ward v. Resolution Trust Corp., 972 F.2d 196, 198 (8th Cir. 1992) (holding that the defendants did not waive federal jurisdiction by requesting a release of the record in state appellate court, noting that their motion "did not request a ruling on the merits of the appeal or an abandonment of federal jurisdiction").

Windmill argues that filing a motion to dismiss for lack of prosecution does not constitute clear and unequivocal waiver of its right to remove.  We agree.  Windmill's motion to dismiss was based on PR Group's two-year-plus failure to complete service on Windmill.  Because it neither addressed the merits of PR Group's complaint nor sought an adjudication on the merits, the motion did not clearly and unequivocally demonstrate any willingness on Windmill's part to litigate in state court.

PR Group relies on Scholz v. RDV Sports, Inc., 821 F. Supp. 1469 (M.D. Fla. 1993), for the proposition that a motion to dismiss filed in state court always waives the right to remove.  In that case, however, the defendant's motion to dismiss addressed the merits of the plaintiff's claims, and thus we conclude that the decision has no application to the circumstances of the present case.

The district court's order remanding the case to state court is reversed, and the case is remanded to the district court for further proceedings.

_____