**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 25, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CITY OF ALBUQUERQUE,

     Plaintiff - Appellee,

v.

No. 16-2065

SOTO ENTERPRISES, INC., d/b/a
Miracle Delivery Armored Services,

     Defendant - Appellant.
_____

**Appeal from the United States District Court**
**for the District of New Mexico**
**(D.C. No. 1:16-CV-00099-JAP-WPL)**
_____

Bradley H. Bartlett and David M. Mirazo, Mounce, Green, Myers, Safi, Paxson &
Galatzan, P.C., El Paso, Texas, for Defendant-Appellant.

Christopher J. Tebo, Assistant City Attorney (Jessica M. Hernandez, City Attorney, and
Nicholas Bullock, Assistant City Attorney, with him on the brief), City Attorney's Office,
Albuquerque, New Mexico, for Plaintiff-Appellee.
_____

Before **MATHESON**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

**PHILLIPS**, Circuit Judge.
_____

The district court remanded this case after concluding that the defendant had waived its right to remove by filing a motion to dismiss in state court. We hold that we have appellate jurisdiction over this appeal, and affirm.[1]

## BACKGROUND

The City of Albuquerque ("the City") provides public-bus services to Albuquerque residents. As part of those services, the City charges a fare payable by cash or coin. The City hired Soto Enterprises, Inc., d/b/a Miracle Delivery Armored Services ("Soto") to count the fare money, transport it by armored car to the City's bank for deposit, and verify the daily deposit amount with the City.

In the second half of 2014, the City noticed irregularities between the amount of fare money that it internally recorded and the amount Soto deposited. After investigating these irregularities, on October 30, 2015, the City sued Soto in New Mexico state court, alleging contract and tort claims. In its complaint, the City pleaded that it was a New Mexico municipal corporation and that Soto was a Texas corporation transacting business in New Mexico. The City claimed damages of $246,057.54.

On February 9, 2016, though the City had not yet served process on Soto, Soto filed three documents in state court in response to the complaint. At 2:18 p.m., Soto filed a partial motion to dismiss (the "motion to dismiss"), asserting that the City had

---

[1] An order remanding a case to state court is a final or collateral order because it "puts the litigants 'effectively out of court.'" *First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 994 (10th Cir. 2000) (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 714 (1996)).

failed to state a claim on its tort claims. At 2:23 p.m., Soto filed an answer. And at 3:38 p.m., Soto filed a notice of removal under 28 U.S.C. §§ 1441 and 1446, alleging diversity jurisdiction under 28 U.S.C. § 1332. So an hour and twenty minutes passed between Soto's motion to dismiss and its notice of removal.

In federal court, the City moved for a remand to state court, arguing that Soto had waived its right to remove the case to federal court after participating in the state court by filing the motion to dismiss. The district court agreed with the City's position and remanded the case. Soto now appeals.

## DISCUSSION

Recognizing that Congress has limited our appellate jurisdiction to review remand orders, the City filed a motion to dismiss Soto's appeal, arguing that we lack jurisdiction. So, before we can address whether the district court erred in its waiver ruling, we must determine whether we have appellate jurisdiction to do so. *W. Ins. Co. v. A & H Ins., Inc.*, 784 F.3d 725, 727-28 (10th Cir. 2015). We review questions of our appellate jurisdiction de novo. *Montez v. Hickenlooper*, 640 F.3d 1126, 1130 (10th Cir. 2011).

## I.     Appellate Jurisdiction

To decide whether we have appellate jurisdiction to review the district court's waiver ruling, we are guided by two statutory subsections. The first is 28 U.S.C. § 1447(d), which provides as follows:

> An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant

3

to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise.

Because Soto removed the case under § 1441, neither 28 U.S.C. § 1442 (which governs federal-officer removal) nor 28 U.S.C. § 1443 (which governs removal of civil-rights cases) applies here. On its face, § 1447(d) would lead us to believe that we lack appellate jurisdiction to review the district court's remand order, but we don't read that subsection in isolation. Instead, we read § 1447(d) *in pari materia* with its close neighbor, § 1447(c), and confine the reach of § 1447(d) to the two remands mentioned in § 1447(c). *In re Stone Container Corp.*, 360 F.3d 1216, 1218 (10th Cir. 2004).

Thus, the second guiding statutory subsection is 28 U.S.C. § 1447(c), which provides in part as follows:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

So § 1447(c) speaks to two bases of remand: (1) those based on a lack of subject-matter jurisdiction, which have no time limit, and (2) those based on "any defect other than lack of subject matter jurisdiction," which must be filed within 30 days of removal. This means that under the governing interpretation, § 1447(d) limits our jurisdiction "only when the district court remands on grounds permitted by § 1447(c)." *In re Stone*, 360 F.3d at 1218 (quoting *Dalrymple v. Grand River Dam Auth.*, 145 F.3d 1180, 1184 (10th Cir. 1998)). When a district court remands on other

4

bases, we have appellate jurisdiction to review those remand orders. *Am. Soda, LLP v. U.S. Filter Wastewater Grp., Inc.*, 428 F.3d 921, 924 (10th Cir. 2005).

Here, the district court remanded the case to state court on a ground not expressly specified in § 1447(c), namely, that Soto waived its removal right by filing a motion to dismiss in state court (which we will refer to as "waiver by participation").[2] Our sister circuits disagree about whether waiver by participation falls within either of § 1447(c)'s two bases, and, until now, this court has not "wade[d] into" that conflict. *Harvey v. Ute Indian Tribe of the Uintah & Ouray Reservation*, 797 F.3d 800, 804 (10th Cir. 2015) (noting circuit split). To determine whether § 1447(d) limits our jurisdiction, we must determine whether waiver by participation falls within either of the § 1447(c) bases—(1) lack of subject-matter jurisdiction, or (2) any defect.

## A. Subject-Matter Jurisdiction

"Subject matter jurisdiction defines the court's authority to hear a given type of case." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (quoting *United States v. Morton*, 467 U.S. 822, 828 (1984)). "[I]t represents 'the extent to which a court can rule on the conduct of persons or the status of things.'" *Id.* (quoting Black's Law Dictionary 870 (8th ed. 2004)). And because parties cannot waive

---

[2] The waiver in this case differs from other types of waiver, such as waiver by a forum-selection clause in which a party contractually agrees to waive the federal forum. Here, the district court found that Soto waived removal by filing a motion to dismiss in state court, a form of waiver by participation during the state-court proceedings rather than by agreement.

subject-matter jurisdiction, they can challenge it "at any time prior to final judgment." *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 571 (2004). Moreover, the district courts have an independent obligation to address their own subject-matter jurisdiction and can dismiss actions *sua sponte* for a lack of subject-matter jurisdiction. *United States v. Lugo*, 170 F.3d 996, 1002 (10th Cir. 1999).

But procedural rules set by the Supreme Court and by common law "do not create or withdraw federal jurisdiction," *Kontrick v. Ryan*, 540 U.S. 443, 453 (2004) (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 370 (1978)), and "a court's subject-matter jurisdiction cannot be expanded to account for the parties' litigation conduct," *id.* at 456. This stems from a fundamental principle that "[o]nly Congress may determine a lower federal court's subject-matter jurisdiction." *Id.* at 452 (citing U.S. Const. art. III, § 1).

Waiver by participation is a common-law creation. *Rothner v. City of Chicago*, 879 F.2d 1402, 1408 (7th Cir. 1989). It concerns the situation where a defendant has participated in the state court before seeking removal. *See* 14B Charles Alan Wright et al., *Federal Practice and Procedure* § 3721 (4th ed. 2017) ("A state court defendant also may lose or waive the right to remove a case to a federal court by taking some substantial offensive or defensive action in the state court action . . . ."). For instance, the defendant may have engaged in discovery, moved for summary judgment, or argued at a hearing. *See id.* (collecting cases). As such, waiver by participation functions as a procedural limitation. *Harvey*, 797 F.3d at 809 (Hartz, J., concurring) (stating that waiver by participation is a "*defect in removal procedure*").

6

And as a procedural, common-law limitation, waiver by participation doesn't implicate subject-matter jurisdiction. *See Kontrick*, 540 U.S. at 453 (explaining that procedural rules established by courts don't create or withdraw federal jurisdiction).

Indeed, a court could not say otherwise without contradicting two of subject-matter jurisdiction's core characteristics—(1) that only Congress can create or destroy subject-matter jurisdiction, U.S. Const. art. III, § 1, and (2) that a party's litigation conduct can't affect subject-matter jurisdiction, *Kontrick*, 540 U.S. at 453. Also, unlike jurisdictional defects (which cannot be waived and can be raised *sua sponte* by the court), courts lack authority to remand *sua sponte* for procedural defects, and the parties can waive such defects by failing to raise them in a timely manner. *See, e.g.*, *Smith v. Mylan Inc.*, 761 F.3d 1042, 1044 (9th Cir. 2014) (holding that a district court "cannot remand sua sponte based on a non jurisdictional defect because procedural deficiencies are waivable"). So we cannot characterize a procedural defect such as waiver by participation as jurisdictional.[3]

---

[3] The City argues that "waiver of the removal right can be colorably characterized as evidencing a lack of federal jurisdiction." Appellee Response Br. at 8-9. This misapplies the colorable-characterization standard, which applies when the district court explicitly states one of the § 1447(c) bases. In that instance, we merely peek behind the district court's label to ensure that the district court did not "dress[] in jurisdictional clothing a patently nonjurisdictional ground" or similarly dress a non-defect ground in defect clothing. *Hill v. Vanderbilt Capital Advisors, LLC*, 702 F.3d 1220, 1224 (10th Cir. 2012) (quoting *Powerex Corp. v. Reliant Energy Servs.*, 551 U.S. 224, 234 (2007)); *see Harvey*, 797 F.3d at 804, 807 (reviewing whether the district court's characterization of its remand as based on a defect was colorable).

The Eleventh Circuit also treats waiver by participation as nonjurisdictional. *Cogdell v. Wyeth*, 366 F.3d 1245, 1248-49 (11th Cir. 2004). In *Cogdell*, the court declared that "[w]aiver may be a proper basis upon which to find lack of *removal* jurisdiction; however, waiver does not divest the court of *subject matter* jurisdiction." *Id.* at 1249. The court noted that removal jurisdiction not only requires subject-matter jurisdiction over the removed case, but it also requires compliance with statutory procedural requirements, e.g., timeliness in removal and consent of all defendants. *Id.* at 1248; *see* 28 U.S.C. § 1446. So when a court finds that it lacks removal jurisdiction, that finding hardly means it lacks subject-matter jurisdiction—it may or may not. *See Cogdell*, 366 F.3d at 1248.[4]

We acknowledge that the Fifth Circuit has also examined this issue and reached a different outcome. *In re Weaver*, 610 F.2d 335 (5th Cir. 1980). In *Weaver*, the district court remanded a case to state court after determining that "removal was no longer available" because of the defendants' waiver by participation. *Id.* at 336.[5]

---

[4] Though *Cogdell* preceded the Supreme Court's *Carlsbad* decision by five years, it applied consistent logic. In *Carlsbad*, the Court analyzed supplemental jurisdiction and subject-matter jurisdiction. 556 U.S. at 640. It determined that a district court could decline to exercise supplemental jurisdiction over state-law claims, yet still have had subject-matter jurisdiction over them. *Id.* This shows that supplemental jurisdiction, like removal jurisdiction, requires more than subject-matter jurisdiction. To exercise supplemental jurisdiction, a district court must have subject-matter jurisdiction over the claims, and then choose to exercise that jurisdiction. *Id.*

[5] In *Weaver*, the defendants participated in the state-court proceedings by seeking and obtaining dissolution of a temporary injunction. 610 F.2d at 336.

8

On appeal, the Fifth Circuit concluded that a district court's belief that removal was no longer available led "to the logical inference that [the district court] felt jurisdiction was lacking." *Id.* at 337. The court never explained what made this inference "logical," and we can fathom no explanation. To us, the inference relies on a mistaken premise—that a remand based on a defendant's participation in state court necessarily shows that the federal court had no subject-matter jurisdiction over the state claims.[6] In fact, the federal court could have kept and resolved the removed case, except for the waiver of removal.

Because waiver by participation is independent from subject-matter jurisdiction, it falls outside § 1447(c)'s subject-matter-jurisdiction basis. But before we can address the case's merits, we must also examine the second § 1447(c) basis for remand, the "any defect" basis.

## B.     "Any Defect"

### 1.     Meaning of "Any Defect"

Based on our circuit's case law, we know that three grounds for remand qualify within the meaning of "any defects" under § 1447(c): (1) noncompliance with

---

[6] In *Rothner*, the Seventh Circuit also exercised appellate jurisdiction to review a remand order based on waiver by participation. 879 F.2d at 1416. It too considered and rejected *Weaver*'s reasoning, finding it "illogical," "unpersuasive," and "unsound." *Id.* at 1417. *Weaver*'s reasoning is questionable even within the Fifth Circuit. In *Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1543-44 (5th Cir. 1991), the court admonished the plaintiffs for confusing improper removal with a lack of subject-matter jurisdiction and stated that "this court has had little difficulty in distinguishing between removal jurisdiction, on the one hand, and original or subject matter jurisdiction, on the other hand."

9

the time limits provided in § 1446(b); (2) noncompliance with the unanimity requirements in § 1446(b)(2)(A); and (3) noncompliance with the forum-defendant rule in § 1441(b), which forbids removal when a defendant is a citizen of the forum state. *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1077 (10th Cir. 1999) (timing requirements); *Harvey*, 797 F.3d at 805 (unanimity requirements); *Am. Oil Co. v. McMullin*, 433 F.2d 1091, 1095 (10th Cir. 1970) (forum-defendant rule).[7] Because these three grounds are "defects" under § 1447(c), § 1447(d) limits our jurisdiction to review remands based on them.[8]

By contrast, the following grounds fall outside the "any defect" group: (1) the district court's discretionary decision not to exercise supplemental jurisdiction; (2) the district court's discretionary remand of pendent claims; (3) abstention; (4) waiver of the federal forum in a forum-selection clause; and (5) the district court's crowded docket. *Carlsbad*, 556 U.S. at 640-41 (supplemental jurisdiction); *Westinghouse Credit Corp. v. Thompson*, 987 F.2d 682, 684 (10th Cir. 1993) (pendent claims); *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712 (1996)

---

[7] In addition to these grounds, the Fourth, Fifth, and Ninth Circuits have held that violations of § 1445, which prohibits removing workers' compensation claims, are also defects under § 1447(c). *In re Norfolk S. Ry. Co.*, 756 F.3d 282, 292 (4th Cir. 2014); *Kamm v. ITEX Corp.*, 568 F.3d 752, 756 (9th Cir. 2009); *Albarado v. S. Pac. Transp. Co.*, 199 F.3d 762, 766 (5th Cir. 1999).

[8] When a district court bases its remand order on one of these statutory defects, § 1447(d) limits our jurisdiction to reviewing "only whether the remand order is colorably characterized as based on" the statutory defect, e.g., a lack of unanimity. *Harvey*, 797 F.3d at 807. But § 1447(d) prohibits us from reviewing whether the district court correctly determined that a statutory defect existed. *Id.*

10

(abstention); *Am. Soda, LLP*, 428 F.3d at 924; *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 352 (1976), *abrogated in part by Quackenbush*, 517 U.S. 706 (crowded docket). Because these grounds fall outside § 1447(c), they are free from § 1447(d)'s limitation on our jurisdiction.

Knowing which grounds fall within or outside of the "any defect" group helps us define their characteristics. As seen above, all members of the defect group share a defining characteristic—they involve remands based on the failure to comply with the "legal requisites" of the removal statutes. *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1253 (11th Cir. 1999). The same cannot be said of the non-defect grounds. When a district court remands based on supplemental jurisdiction or abstention, it exercises its discretionary authority. *Carlsbad*, 556 U.S. at 640-41; *Quackenbush*, 517 U.S. at 712. When a district court remands because the defendant waived removal in a forum-selection clause, it makes a decision based on the substantive merits. *SBKC Serv. Corp. v. 1111 Prospect Partners, L.P.*, 105 F.3d 578, 581 (10th Cir. 1997). *But see Harvey*, 797 F.3d at 806 (doubting whether § 1447(d) allows review of "merits determinations that precede the remand" (quoting *Powerex*, 551 U.S. at 235)). And when a district court remands because its docket is too crowded, it exceeds its authority and the remand is ultra vires. *Thermtron*, 423 U.S. at 351.

Thus, we hold that "any defect" applies solely to failures to comply with the statutory requirements for removal. We agree with the Seventh Circuit's sensible conclusion:

11

> It would be unreasonable to assume that Congress would create a statutory right of removal, and in so doing go to the trouble of laying out specific and detailed requirements for exercising that right, and then—by means of the single word "improvidently"—extend carte blanche authority to the district courts to revise the congressional scheme by remanding cases on any grounds that seem justifiable to them.

*Rothner*, 879 F.2d at 1410.[9]

The historical interpretation of § 1447(c) supports this view.[10] *See Snapper,* 171 F.3d at 1254 (analyzing the statutory revisions' effect). In 1996, Congress amended § 1447(c). That section now states that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." § 1447(c). In *Snapper*, the Eleventh Circuit analyzed this subsection's amended language. 171 F.3d at 1254. As the court explained, an early version of the statute (referred to here as the "1948 version") directed district courts to remand "[i]f at any time before final judgment it appears that the case was removed improvidently and without jurisdiction." *Id.* (quoting 28 U.S.C. § 1447(c) (1946)). Under this 1948 version, courts found that parties had improvidently removed cases when "one of the

---

[9] When the Seventh Circuit decided *Rothner*, the court interpreted an older version of 28 U.S.C. § 1447(c) that used the term "improvidently" rather than "defects." 879 F.2d at 1411. As the discussion illustrates, this change doesn't affect our analysis.

[10] Within this circuit, until now, it was unnecessary to analyze the statutory changes that § 1447(c) has undergone. *See Harvey*, 797 F.3d at 808-09 (Hartz, J., concurring) (assuming that the 1996 amendment was immaterial for that case's purpose).

statutory, non-jurisdictional requirements for removal ha[d] not been satisfied." *In re Merrimack Mut. Fire Ins. Co.*, 587 F.2d 642, 647 n.8 (5th Cir. 1978); *see also Rothner*, 879 F.2d at 1411 (stating "it is logical and reasonable to interpret [improvidently] to mean noncompliance with Congress' specific and detailed statutory provisions").

Though most courts interpreted the 1948 version narrowly, the term "'improvident[ly]' . . . was obviously vulnerable to a much broader interpretation," causing some uncertainty to develop. *Snapper*, 171 F.3d at 1255. Because of this uncertainty, and "specifically endorsing the narrow interpretation" of improvidence, Congress amended the statute in 1988 by removing "improvidently" and replacing it with "any defect in removal procedure." *Id.* at 1256 (quoting 28 U.S.C. § 1447(c) (1994)). After this amendment, courts continued to interpret the subsection narrowly. *Id.* at 1256-57. But eventually a circuit split developed when it came to classifying remands based on § 1441(b), the forum-defendant rule.[11] *Id.* at 1257-58. The Fifth Circuit characterized this rule as a procedural defect, and thus a defect within § 1447(c), while the Eighth Circuit characterized it as jurisdictional, and thus not a defect within § 1447(c). *LaMotte v. Roundy's, Inc.*, 27 F.3d 314, 316 n.3 (7th Cir. 1994) (describing the circuit split).

---

[11] The forum-defendant rule prohibits removal when a case is removed for diversity jurisdiction and the defendant "is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

13

To resolve this confusion, in 1996, Congress amended the statute to its current version by eliminating the words "in removal procedure." 28 U.S.C. § 1447(c) (1998). Based on this background, it appears that Congress intended to broaden the meaning of "any defect" to include all statutory-based defects but never intended to broaden the meaning beyond this. *See Snapper*, 171 F.3d at 1258. Instead, Congress amended the language to resolve inconsistent interpretations. *Id.* We agree with *Snapper* and other circuits that this statutory history shows that "any defect" is limited to a failure to comply with the statutory requirements for removal. *See, e.g.*, *In re Norfolk S. Ry. Co.*, 756 F.3d 282, 292 (4th Cir. 2014) ("'[D]efect' refers to a failure to comply with the statutory requirements for removal . . . ."); *Kamm v. ITEX Corp.*, 568 F.3d 752, 755 (9th Cir. 2009) (same); *Holmstrom v. Peterson*, 492 F.3d 833, 837 (7th Cir. 2007) (explaining that the legislative history "reflects a congressional fine-tuning of § 1447(c) in an attempt to identify motions to remand that are grounded in the precise directions that Congress has placed in the Judicial Code to govern removal"); *Autoridad de Energía Eléctrica de Puerto Rico v. Ericsson Inc.*, 201 F.3d 15, 17 (1st Cir. 2000) (defining defect as "the failure to comply with the various requirements for a successful removal, as set forth in § 1446(a) and (b)"); *see also Graphic Commc'ns Local 1 B Health & Welfare Fund "A" v. CVS Caremark Corp.*, 636 F.3d 971, 974-76 (8th Cir. 2011) (declining to broaden defect's meaning).

14

### 2. Waiver

Now that we've concluded that "any defect" means a failure to comply with the statutory requirements for removal, we must determine whether waiver by participation fits within this definition. We conclude that, because waiver is a common-law creation not included in the removal statutes, it does not qualify as "any defect" under § 1447(c). *Rothner*, 879 F.2d at 1407-08.

We acknowledge that some others judges would rule otherwise, relying on the similarities between waiver by participation and the statutory-timing requirements found in § 1446(b)(1). Under § 1446(b)(1), a removing party must file a notice of removal "within 30 days" of receiving "service or . . . a copy of the initial pleading." In his *Rothner* dissent, Judge Easterbrook asserted that a waiver by participation is a finding that "the defendant *waited too long* in light of events taking place in state court," even though "the defendant's time ran out in advance of the limit in the statute." 879 F.2d at 1422 (emphasis in original). And, as Judge Hartz explained in his *Harvey* concurrence, § 1446(b)(1)'s 30-day-timing requirement and waiver by participation both aim to prevent similar behavior: defendants delaying removal. 797 F.3d at 809 (Hartz, J., concurring). In Judge Hartz's words "the remover lingers too long in state court" by removing beyond § 1446(b)(1)'s 30-day requirement; and by participating in the state-court proceedings, the remover "lingers too lovingly." *Id.*

Though we agree that waiver of removal by participation and untimely removal under § 1446(b)(1) have some similarities, their application differs. The timing requirements of § 1446(b)(1) are certain and easily calculated. But issues

15

about whether a defendant has sufficiently participated in a state court before removal are subject to differences of opinion and inconsistent application. *Cf. Rothner*, 879 F.2d at 1404 (noting that because the district court believed that the removing party had an improper motive for removing the case, it decided not to follow a "long-settled common law rule that opposing a motion for a temporary restraining order does not waive the right to remove"). And perhaps the most difficult aspect of the waiver doctrine is that it depends on state procedural rules. *See, e.g., Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244, 1246 (11th Cir. 2004) (finding that Florida's 20-day requirement for filing motions to dismiss resulted in a "quandary" for defendants who filed for removal in a timely manner but found themselves back in state court with no time left to file a motion to dismiss).

In addition, we note that Congress could have broadened § 1447(c)'s language to capture concepts such as waiver by participation but chose to use narrower language. For instance, in the bankruptcy-removal statute, 28 U.S.C. § 1452, Congress authorized district courts to remand on "any equitable ground." Had Congress included "any equitable ground" in § 1447(d), it might well have reached all delays instead of just the timing delay identified in § 1446. *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 134 (1995) (Ginsburg, J., concurring). And the City could perhaps have fit waiver by participation within the equitable doctrine of laches, which "stems from the principle that 'equity aids the vigilant and not those who slumber on their rights.'" *Biodiversity Conservation All. v. Jiron*, 762 F.3d 1036,

16

1090-91 (10th Cir. 2014) (quoting *Kansas v. Colorado*, 514 U.S. 673, 687 (1995)).

Thus, because waiver by participation lies outside of § 1447(c)'s "any defect" and subject-matter-jurisdiction bases, § 1447(d) doesn't limit our jurisdiction to review the case's merits.[12]

## II. Merits

The issue here is whether Soto waived its removal right by filing a motion to dismiss in state court. In holding that Soto waived removal, the district court made a legal determination that motions to dismiss alone are sufficient to constitute waiver; and thus, we review that determination de novo. *O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1221 (10th Cir. 2007). *But see Grubb v. Donegal Mut. Ins. Co.*, 935 F.2d 57, 59 (4th Cir. 1991) (reviewing the factual findings underlying waiver of removal rights for clear error).

Generally, a defendant waives removal "by taking some substantial offensive or defensive action in the state court action indicating a willingness to litigate in that tribunal before filing a notice of removal with the federal court." *PR Grp., LLC v. Windmill Int'l, Ltd.*, 792 F.3d 1025, 1026-27 (8th Cir. 2015) (quoting *Yusefzadeh*, 365 F.3d at 1246). This waiver must be clear and unequivocal, meaning that "short of [the defendant] seeking an adjudication on the merits," the "right to removal is not

---

[12] Similar to remands based on waiver by forum-selection clauses, remands based on waiver by participation don't fall within either § 1447(c) ground; but these remands based on waiver by participation still remain lawful through a district court's inherent power to remand. *Snapper*, 171 F.3d at 1263 n.26.

lost . . . ." *Windmill*, 792 F.3d at 1026 (quoting *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 428 (5th Cir. 2003)); *Am. Soda, LLP*, 428 F.3d at 927.

Here, though Soto could file an answer in state court without waiving removal, *see* Fed. R. Civ. P. 81(c)(2), we conclude that Soto waived removal by also filing a motion to dismiss in state court. We acknowledge that a mere hour and twenty minutes passed between Soto's filing the motion to dismiss and its answer, and that Soto never requested a hearing on its motion to dismiss. These actions may show Soto's *subjective* intent to remove; but Soto showed its *objective* intent to remain in state court by filing a motion to dismiss, which submitted the case's merits to the state court for adjudication. *See Alwert v. Cox Commc'ns, Inc.* (*In re Cox Enters., Inc. Set-top Cable Television Box Antitrust Litig.*), 835 F.3d 1195, 1205 (10th Cir. 2016) (distinguishing subjective and objective waiver of arbitration rights). And "regardless of its intent," Soto's conduct in state court foreclosed its removal right. *Id.* This is because the waiver rules aim to prevent defendants from "*seeking* an adjudication on the merits," which means that a state defendant can waive removal even before the state court *actually* adjudicates the merits. *Windmill*, 792 F.3d at 1026 (emphasis added) (quoting *Tedford*, 327 F.3d at 428). Soto sought the state court's adjudication by addressing the substantive merits of the City's tort claims. *See Styskal v. Weld Cty. Bd. of Cty. Comm'rs*, 365 F.3d 855, 858 (10th Cir. 2004) (explaining that an "on the merits" adjudication means one that passes directly on the substance of a particular claim).

18

We hold that when a defendant files a motion to dismiss seeking disposition, in whole or in part, on the merits in state court before removing the case to federal court, it manifests a "clear and unequivocal" intent to submit the case to the state court's jurisdiction, and thus waives removal. We favor a bright-line rule to avoid piecemeal litigation that would distinguish cases based on the length of delay between motions to dismiss and motions to remove and based on any number of like considerations.[13] Yet we also recognize that in limited circumstances, this bright-line rule can lead to unfair results, so we fashion an exception as well.

We will not find waiver of the right to remove when a state's procedural rules compel a defendant's state-court participation. For this exception to apply, we look for potential harm to defendants.[14] For instance, upon remand, would a defendant lose its opportunity to file a motion to dismiss because it failed to comply with a state's procedural rule?

---

[13] Unlike motions to dismiss for failure to state a claim, motions to dismiss for defenses such as lack of jurisdiction, improper venue, or insufficient process make it unnecessary for a court to adjudicate the case's merits. *Styskal*, 365 F.3d at 858. Because of this, such motions don't implicate waiver's goal of promoting judicial economy and preventing piecemeal and duplicative litigation.

[14] Soto argues that this standard is inflexible and creates inconsistencies within this circuit. Yet, Soto failed to present cases from this court to show what inconsistencies this rule creates. To the flexibility issue, an inflexible standard brings certainty to litigants, which outweighs our concern with the potential for harsh results. We note that the district court case cited by Soto, *May v. Board of County Commissioners*, 945 F. Supp. 2d 1277 (D.N.M. 2013), aligns with today's opinion. Because the defendant in that case filed a motion to dismiss in state court based on improper venue, it did not seek a "final determination on the merits of the case before removal," and thus retained its right to remove. *Id.* at 1297-98.

19

In *Yusefzadeh*, the Eleventh Circuit faced such a state procedural rule. The Florida rule required defendants to file motions to dismiss within 20 days of service. *Yusefzadeh,* 365 F.3d at 1246. When combined with the federal 30-day removal period, this 20-day time limit created a "quandary" for state defendants. *Id.* (citing 28 U.S.C. § 1446(b)). A defendant in Florida might have filed for timely removal only to find itself back in state court where the time to file a motion to dismiss had run. *See id.* But unlike the 20-day filing requirement in *Yusefzadeh*, New Mexico's procedural rules didn't compel Soto to file a state motion to dismiss before its 30-day removal period had expired. Further, when Soto filed its state motion to dismiss, the City had not served process, meaning that the clock had not started running on either removal or filing a motion to dismiss. So, absent Soto's participating in the state case by filing a motion to dismiss, on remand, it would have had 30 days in which to file its state motion to dismiss.[15] Soto jumped the gun, unlike the defendants in *Yusefzadeh*.

Still, Soto argues that state and federal rules of civil procedure allowed it to file the motion to dismiss. In support, Soto cites Federal Rule of Civil Procedure 81(c) to show that defendants can file an answer in state court before removing a case to federal court. Soto then combines this with New Mexico Rule of Civil Procedure 1-012(B), which requires parties to file their motions to dismiss "before pleading," to

---

[15] This hypothetical assumes that Soto removed on Day 1 of the removal period.

20

show that, upon remand, it would have lost its opportunity to file a motion to dismiss had it answered the complaint first before removing to federal court. From this, Soto deduces that it could file the motion to dismiss without waiving its right to remove. But Soto misses the point. For the exception to apply, we don't examine whether procedural rules *allowed* the participation, we examine whether the procedural rules *compelled* the participation. New Mexico's rule didn't compel Soto to answer the City's complaint and, consequently, didn't compel Soto to file its motion to dismiss for two reasons: (1) the City never served Soto; and (2) Soto could have removed the case to federal court before filing an answer.

Because Soto participated in the state case by filing a motion to dismiss without needing to do so, we conclude that Soto waived its right to remove.

## CONCLUSION

For the reasons stated above, we DENY the City's motion to dismiss this appeal and AFFIRM the district court's order of remand.