# United States Court of Appeals

## For the Eighth Circuit

_____

No. 17-3302

_____

Medtronic Sofamor Danek, Inc.; Medtronic Sofamor Danek USA, Inc.; Medtronic, Inc.

*Plaintiffs - Appellees*

v.

Patrick B. Gannon

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: October 16, 2018
Filed: January 9, 2019

_____

Before SMITH, Chief Judge, LOKEN and GRUENDER, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Patrick Gannon appeals the grant of a motion to remand filed by his former employer, Medtronic Sofamor Danek, Inc., Medtronic Sofamor Danek USA, Inc., and

Medtronic, Inc. (collectively, "Medtronic"). The district court[1] held that Gannon waived his right to remove the case to federal court because the employment contract he signed contained an enforceable forum selection clause. We affirm.

**I.**

On March 2, 2015, Gannon signed an Offer Letter, an Employee Agreement, and a Repayment Agreement. He does not dispute that he signed these documents at the same time to form an employment relationship with Medtronic.

The Offer Letter is a "formal offer of employment at Medtronic." By signing it, Gannon "ACCEPT[ED] THIS OFFER OF EMPLOYMENT" and agreed to the terms set forth in it. The Offer Letter includes basic information about Gannon's employment, including his start date, compensation structure, vacation time, and training. It is also expressly "contingent upon [Gannon] signing the attached Employee Agreement and the Sales Guarantee Repayment Agreement."

The Employee Agreement deals with things like confidentiality, proprietary inventions, and restrictions on competition. It also includes a forum selection clause. That clause says that disputes "arising out of or related to this Agreement" must be litigated in Minnesota state court and that Gannon "irrevocably consents to the personal jurisdiction of the state courts in the State of Minnesota for the purposes of any action arising out of or related to this Agreement." The Employee Agreement does not address "compensation, benefits, and other financial terms and conditions," which it says are "set forth in separate documents provided to [Gannon]." In a section entitled "Prior Agreements," the Employee Agreement says that nothing in it "affects any term or provision of any MEDTRONIC compensation or benefit plan or any agreements related thereto."

---

[1]The Honorable Susan Richard Nelson, United States District Judge for the District of Minnesota.

-2-

The one-page Repayment Agreement states that Medtronic and Gannon "wish to enter into an . . . employment relationship." Medtronic agreed to pay Gannon $900,000 over a three-year "Guarantee Period," but "if [Gannon] voluntarily terminates from Medtronic during the Guarantee Period or within one year after the end of the Guarantee Period, [he] must pay back to Medtronic the difference between" his earned commissions and payments received. The Offer Letter also describes the Guarantee Period and summarizes the condition of repayment should Gannon terminate his employment during this period. The Repayment Agreement does not include a forum selection clause.

In late 2016, Gannon left Medtronic. Medtronic sued him in Minnesota state court, alleging that he left during the Guarantee Period and failed to repay Medtronic pursuant to the Repayment Agreement. Gannon removed the action to federal court under 28 U.S.C. § 1332(a)(1), and Medtronic moved to remand pursuant to the forum selection clause in the Employee Agreement. The district court granted Medtronic's motion, holding that the forum selection clause in the Employee Agreement applied to actions arising from the Repayment Agreement because, under Minnesota law, both agreements were different parts of the same contract. It also determined that Medtronic's suit was "related to" the Employee Agreement and therefore subject to its forum selection clause. Gannon appeals.

## II.

We review a district court's grant of a motion to remand *de novo*. *See Faltermeier v. FCA US LLC*, 899 F.3d 617, 620 (8th Cir. 2018). "Under 28 U.S.C. § 1446, a defendant may remove a case filed in state court to federal court based on diversity jurisdiction." *PR Group, LLC v. Windmill Intern., Ltd.*, 792 F.3d 1025, 1026 (8th Cir. 2015). This right to remove may be waived by agreement. *Id.* "Such waiver must be clear and unequivocal." *Id.*

The parties do not dispute that Minnesota law applies to the interpretation of the Employee Agreement, Repayment Agreement, and Offer Letter. They also do not

dispute that the forum selection clause in the Employee Agreement is clear and unequivocal. But they disagree about whether the forum selection clause applies to the present dispute, which arises from the Repayment Agreement. Gannon argues that the forum selection clause does not apply to the Repayment Agreement because it is a separate contract from the Employee Agreement. But even if they are parts of the same contract, he claims that language in the Employee Agreement precludes application of its forum selection clause to the Repayment Agreement.

## A.

As an initial matter, Gannon asserts that a party may waive its right to remove an action for breach of contract only if the contract from which the action arose contains a clear and unequivocal forum selection clause. *See, e.g.*, *City of New Orleans v. Municipal Admin. Servs.*, 376 F.3d 501, 504 (5th Cir. 2004); *Brister v. Romanowski*, No. 14-2921, 2015 WL 2090236, at *2 (E.D. La. Apr. 30, 2015). Maintaining that the Employee Agreement and Repayment Agreement are separate contracts, Gannon concludes that he did not waive his right to remove because this action arose from the Repayment Agreement, a contract that does not contain a forum selection clause.

But the Employment Agreement and Repayment Agreement are not separate contracts. Under Minnesota law, "instruments executed at the same time, for the same purpose, and in the course of the same transaction are, in the eyes of the law, one instrument and will be read and construed together unless the parties stipulate otherwise." *Marso v. Mankato Clinic, Ltd.*, 153 N.W.2d 281, 288-89 (Minn. 1967). "Whether separate documents executed simultaneously should be treated as a single contract is governed by the intent of the parties manifested at the time of contracting and viewed in light of the surrounding circumstances." *Farrell v. Johnson*, 442 N.W.2d 805, 807 (Minn. Ct. App. 1989).

The Employee Agreement, Repayment Agreement, and Offer Letter were executed simultaneously, and the circumstances surrounding their execution indicate

-4-

that they should be treated as a single contract. The Offer Letter constitutes a "formal offer of employment" and is contingent upon Gannon's execution of the Employee Agreement and Repayment Agreement, strong indications that all three documents are part of the same transaction and were executed for the same purpose of forming an employment relationship. *See Boston Scientific Corp. v. Kiland*, No. 10-4053, 2011 WL 3035088, at *3 (D. Minn. July 25, 2011) (applying Minnesota law and holding that employment-related agreements must be read together in part because "entering into both agreements was a condition of guaranteed employment and compensation"). The Offer Letter also summarizes the key provisions of the Repayment Agreement, and the Repayment Agreement states that "[Gannon] and Medtronic wish to enter into an . . . employment relationship," which, as Gannon concedes, was formed by his execution of all three documents. The Repayment Agreement is therefore not a "free-standing contract," as he claims.

Gannon also contends that the Employee Agreement and Repayment Agreement are separate contracts because they do not expressly incorporate each other. But Minnesota courts do not require that separate agreements incorporate each other to be considered parts of the same contract. *Marso*, 153 N.W.2d at 289 ("Where several instruments are made part of one transaction, they will be read together and each will be construed with reference to the others, although the instruments do not in terms refer to each other.").

For these reasons, we hold that the Offer Letter, Employee Agreement, and Repayment Agreement are parts of a single contract.

B.

We next address Gannon's argument that language in the Employee Agreement precludes application of its forum selection clause to this action. The forum selection clause says that disputes "arising out of or related to this Agreement" must be litigated in Minnesota state court. Gannon contends that the clause is, at the very least, ambiguous whether it extends to claims arising from the Repayment Agreement,

and we should therefore construe it against its drafter, Medtronic. *See Hilligoss v. Cargill, Inc.*, 649 N.W.2d 142, 148 (Minn. 2002) ("A fundamental principle of contract law is that when contract language is reasonably susceptible of more than one interpretation it is ambiguous, and ambiguous contract terms must be construed against the drafter . . . ."). However, the clause is reasonably susceptible to only one interpretation.

When analyzing the forum selection clause, we must "avoid an interpretation that renders a clause meaningless." *See Fortune Funding, LLC v. Ceridian Corp.*, 368 F.3d 985, 987 (8th Cir. 2004) (applying Minnesota law). We agree with the district court that "[b]ecause the words 'arising out of' must mean disputes about the terms of the Employee Agreement—that is, confidentiality, restrictive covenant, etc.—the words 'or relating to' must mean something else." *Medtronic Sofamor Danek, Inc., et al. v. Gannon*, No. 0:17-cv-00943, 2017 WL 4685041, at \*4 (D. Minn. Oct. 16, 2017). Our analysis about whether the Repayment Agreement and Employee Agreement are different parts of the same contract applies here and requires us to conclude that the Repayment Agreement is unambiguously "related to" the Employee Agreement. They were executed at the same time and for the same purpose, and without either one of them, the Offer Letter would be unenforceable. The Repayment Agreement and Employee Agreement are also complementary in that they address different aspects of the same employment relationship. The Repayment Agreement focuses on compensation, and the Employee Agreement on things like confidentiality, proprietary inventions, and restrictions on competition. Indeed, the Employee Agreement expressly saves compensation terms for "separate documents provided to [Gannon]," another indication that any such document (*i.e.*, the Repayment Agreement) is "related to" it.

Gannon also relies on the "Prior Agreements" section of the Employee Agreement, which says that "nothing in [the Employee Agreement] affects any term or provision of any MEDTRONIC compensation or benefit plan or any agreements related thereto." He argues that application of the forum selection clause violates the

"Prior Agreements" section because doing so "affects" the Repayment Agreement. But under Minnesota law, "the specific in a writing governs over the general," and therefore the "Prior Agreements" section cannot supersede the forum selection clause, which is specific to the question of proper venue in this case. *See Burgi v. Eckes*, 354 N.W.2d 514, 519 (Minn. Ct. App. 1984). We also note that Gannon's interpretation creates a conflict within the Employee Agreement between the "Prior Agreements" section and the forum selection clause. Such an interpretation is disfavored. *See Oster v. Medtronic, Inc.*, 428 N.W.2d 116, 119 (Minn. Ct. App. 1988) ("Where there is an apparent conflict between two clauses or provisions of a contract, it is the court's duty to find harmony between them and to reconcile them if possible."). Thus, the language of the Employee Agreement does not preclude application of its forum selection clause to this action.

### III.

We conclude that the Employee Agreement contains a clear and unequivocal forum selection clause that unambiguously encompasses the Repayment Agreement, and we affirm the district court's grant of Medtronic's motion to remand.

_____